## HENRY RUSHER v. CITY OF DALLAS.

### No. 3123.

1.  Brief—Statement.—When the plaintiff appeals from a final judgment upon a demurrer to his petition, and in his brief does not set out the substance of the petition, this court is not required to consider the case further.    Rules 24 and 25.

2.  Liability of City for Illegal Acts of Its Police Officers. — The petition alleged that the policeman arrested plaintiff without warrant, without affidavit being made as required by law, upon assumption that he had violated a city ordinance providing for the conviction and punishment *of persons who permitted disorderly conduct* in their places of business; that the officer used unnecessary violence in the arrest; that plaintiff had not violated the ordinance; that the officer was incompetent, which was known to the city, and that because of such incompetency the injury was done to plaintiff; that the city of Dallas was a municipal corporation acting under a special charter granted by the Legislature (its special powers, if any, are not alleged).    *Held:*

1.  We do not think the doctrine of respondeat superior is applicable to these facts.

2.  Police officers are not the agents or servants of the city so as to render it responsible for their unlawful or negligent acts in the discharge of their official duties in the interest of the public.

APPEAL from Dallas.    Tried below before Hon. R. E. BURKE.
The opinion states the case.

*S. H. Russell* and *A. S. Lathrop*, for appellant.—There are some cases in which municipal governments (cities) may be held liable in damages for the wrongful acts of their officers; and the facts set out in said plaintiff's petition show such a case.    City of Fort Worth v. Crawford, 74 Texas, 404; Harrison v. City of Columbus, 44 Texas, 420; Conway v. City of Beaumont, 61 Texas, 10; Aldrich v. Tripp, 11 R. I., 141; Hunt v. City of Boonsville, 65 Mo., 620; 2 Dill. Mun. Corp., sec. 772; Summers v. Board of Commission, 103 Ind., 262.

*A. P. Wozencraft* and *M. Trice*, for appellee.—Police officers appointed by the city are public officers, and are not such agents and servants of the city as to render it liable for their unlawful, negligent, or malicious acts.    City of Corsicana v. White, 57 Texas, 382; Harrison v. City of Columbus, 44 Texas, 418; 2 Dill. on Mun. Corp., 4 ed., sec. 975; Butterick v. Lowell, 1 Allen (Mass.), 172; Greenville v. Louisville, 13 Bush, 226; Cooke v. Macon, 54 Ga., 460; Carinston v. Augusta, 61 Ga., 172; Caldwell v. Boone, 61 Iowa, 567; Odell v. Schroder, 58 Iowa, 353; Ogg v. Lansing, 35 Iowa, 495; Ready v. Tuscaloosa, 6 Ala., 327; Steadman v. San Francisco, 63 Cal., 193.

COLLARD, JUDGE, *Section A.*—Suit by appellant Henry Rusher against appellee the city of Dallas for damages alleged to have been caused by the illegal arrest of plaintiff by Ed. Desmond, a police officer of the city, assault by the officer, and other mistreatment of plaintiff

while in arrest. The court below sustained a general demurrer to the petition, and plaintiff declining to amend the suit was dismissed. Plaintiff has appealed.

The only assignment of error is as follows: "The court erred in sustaining the demurrer of defendant the city of Dallas to plaintiff's petition, holding that said petition did not state any cause of action for which the defendant was liable, because plaintiff says that the original petition filed in this case on May 11, 1889, sets forth a good cause of action against the defendant the city of Dallas."

This assignment does not point out wherein the court erred in sustaining the demurrer. The proposition made under the assignment also fails to state what the error is. It is as follows: "There are some cases in which municipal governments (cities) may be held liable in damages for the wrongful acts of their officers; and the facts set out in said plaintiff's petition show such a case."

In the statement made in appellant's brief under his proposition we are referred to the record for the petition in which we are told the cause of action relied on is stated. The petition is quite lengthy, covering a number of pages of printed matter. We have, therefore, to examine it for ourselves to ascertain what error, if any, the court has committed to which the assignment may apply. Neither the assignment of error nor the brief complies with the statute or the rules. Rev. Stats., art. 1037; Rules 24, 25. We are not required to consider the case further, but may do so according to our understanding of it.

Looking to the petition, we find that the policeman, Ed. Desmond, arrested plaintiff without warrant, and without affidavit being made as required by law, upon the assumption that he had violated a city ordinance of the city of Dallas providing for the conviction and punishment of "persons who permitted disorderly conduct" in their places of business, and that the officer used unnecessary violence in the arrest; that plaintiff did not violate the ordinance; that the arrest was unauthorized; that the officer was incompetent, which was known or ought to have been known to the city, and that because of such incompetency the injury was done to plaintiff. It is also alleged that the city was a municipal corporation acting under a special charter granted by the Legislature, but its special corporate powers by the charter, if any, are not set out.

We do not think the doctrine of respondeat superior is applicable to the case made in the petition. It was said in Harrison v. Columbus, 44 Texas, 420, that "If there was no authority in the mayor and marshal under the ordinance to arrest appellant they were trespassers, and could have been held personally liable for false imprisonment or assault and battery; but for their act in arresting appellant under the city ordinance the city could not be held liable."

The doctrine laid down by Dillon (2 Dill. on Mun. Corp., sec. 980) is, that police officers appointed by the city are not its agents or servants so as to render it responsible for their unlawful and negligent acts in the discharge of their duties; and accordingly a city is not liable for an assault and battery committed by its police officers, though done in the attempt to enforce an ordinance of the city, nor for an arrest made by them which is illegal for want of a warrant.

A distinction is made when the act is done in promotion of the interests of the city in its special corporate rights and when done in the interest of the public. Where a city has special powers granted by charter other than those concerning the public good and government of its citizens, so that its officers' acts thereunder are the acts of agents and not of public officers, the city may become liable; but not where the act is that of an officer in enforcing ordinances of social government or a general law of the land. 2 Dill., supra, note 2, and authorities cited. This doctrine is correct, and has been recognized in this State. City v. Posnainsky, 62 Texas, 132; City v. Hemmis, 72 Texas, 559.

The allegation in plaintiff's petition that the policeman was unfit and incompetent, that the city knew it and still retained him in its service, and that the injury was caused by such unfitness, does not take the case out of the rule. This is the doctrine of respondeat superior where the relation of master and servant exists, but it does not apply where the act is that of a public officer as in making an arrest for a violation of an ordinance of social government. The allegation that Desmond was the agent of the city can not give character to the suit, when the acts themselves show that he was not such agent.

We are of opinion that the demurrer to the petition was properly sustained; and that the judgment of the lower court should be affirmed.

*Affirmed.*