### GEORGE GIVENS v. THE CITY OF PARIS.

#### No. 129.

**Police Powers of Cities—City Officers.**—Action for damages for injuries alleged to have been sustained by plaintiff from being gored by a cow, and to have occurred through the negligence of a policeman who had been specially appointed by the city council to enforce an ordinance prohibiting stock from running at large, in the attempted enforcement of the ordinance. *Held,* following Whitfield v. The City of Paris, 84 Texas, 431, that the enactment of the ordinance was an exercise by the city of its police power. The officer whose act is complained of was not a mere servant of the city, but was a policeman engaged in the enforcement of an ordinance of the city. In such case the maxim respondeat superior does not apply, and the city was not liable. The demurrer to the petition was therefore properly sustained.

APPEAL from Lamar. Tried below before Hon. E. D. McCLELLAN.

*Park, Ownby & Daily*, for appellant.—1. A municipal corporation created by a special act of the Legislature of the State, by which act a special authority is conferred on such corporation, is responsible for the proper execution of such authority and powers to the same extent as private corporations are, when the same or like power and authority is conferred on them, including its liability for the wrongful and negligent acts of its officers and agents. Galveston v. Posnainksy, 62 Texas, 118,

and authorities; Fort Worth v. Crawford, 74 Texas, 404; Aaron v. Broiles, 64 Texas, 316; Peck v. City of Austin, 22 Texas, 265; Keller v. Corpus Christi, 50 Texas, 628; Conway v. City of Beaumont, 61 Texas, 10; Dill. on Mun. Corp., 3 ed., secs. 965, 966; Davis v. Knoxville, 18 S. W. Rep., 254; Rusher v. Dallas, 83 Texas, 151; Cool. on Const. Lim., 3 ed., *247–*254; Shearm. & Redf. on Neg., 4 ed., sec. 259; Thomp. on Neg., notes 731–738.

2. A municipal corporation, in the exercise of authority and powers voluntarily assumed, intended for the private advantage of the corporation and its inhabitants, or from the exercise of which the corporation derives a pecuniary benefit, is liable in damages to the same extent as a private corporation would be, exercising the same power for a purpose essentially private.    Dill. on Mun. Corp., 3 ed., secs. 980, 981, 974; Bigelow v. Randolph, 14 Gray, 541; Jones v. New Haven, 34 Conn., 1; Weed v. Greenwich, 45 Conn., 170; Murtaugh v. St. Louis, 44 Mo., 480; Oliver v. Worcester, 102 Mass., 489; Maximilian v. New York, 62 N. Y., 160.

3. Whenever a municipal corporation, in pursuance of a power conferred by its charter, by ordinance makes it unlawful for cows or other animals to run at large within the corporate limits, and employs a person at a monthly salary to take up and impound such animals found running at large contrary to such ordinance, and makes it the duty of such employe to collect certain fees from the owners of such animals impounded by him, which fees are to be paid into the city treasury to the credit of the current expense fund, such person is the servant and agent of the corporation, for whose negligence in the execution of such ordinance the city is responsible.    Dill. on Mun. Corp., 3 ed., sec. 974, and authorities; Wood's Mast. and Serv., secs. 457, 458, 460–469, and authorities.

*H. D. McDonald*, for appellee.—A municipal corporation is not liable in damages for the careless and negligent execution of a city ordinance, made and passed in the exercise of its police power, by one of its police officers or agents on whom its imposes the execution of such ordinance. Corsicana v. White, 57 Texas, 382; Harrison v. Columbus, 44 Texas, 418; Rusher v. Dallas, 83 Texas, 151; Culver v. Streator, 130 Ill., 238; Dargan v. Mayor, 70 Am. Dec., 505; Stewart v. New Orleans, 61 Am. Dec., 218; Lloyd v. Mayor, 55 Am. Dec., 347; Elliott v. Philadelphia, 15 Am. Rep., 591; Ogg v. Lansing, 14 Am. Rep., 499; Wright v. Augusta, 6 Am. St. Rep., 256; Dill. on Mun. Corp., secs. 975, et seq., and notes; 2 Thomp. on Neg., 732–735; Whitfield v. City of Paris, 84 Texas, 431.

FINLEY, Associate Justice.—This is a suit brought by appellant in the District Court of Lamar County against the city of Paris, for damages on account of personal injuries sustained by appellant, alleged to have

occurred through the negligence of one Bates, a policeman, who had been specially appointed by the city council to enforce an ordinance prohibiting stock of various kinds from running at large within the city limits. It was the duty of Bates, under the city ordinance, to impound such stock found running at large; and it is alleged, that while he was undertaking to run down a cow and place her in the pound, that he recklessly and negligently ran the cow through a populous part of the city, without having any rope upon her, and that the cow ran into appellant's yard and house, and gored appellant, inflicting serious injury to him. Full and particular allegations of negligence are made in the petition. It is also alleged in the petition, that the city of Paris was duly incorporated under a special act of the Legislature, with power given to the city council to pass this ordinance, and that it did pass the ordinance regularly, and that it specially employed Bates to enforce the same. It is also alleged, that the city derived a revenue from the enforcement of this ordinance, and that the ordinance was passed and enforced for pecuniary benefit to the city; and that said Bates was the special officer and employe of the city, executing its orders in the premises. This statement contains the substance of the allegations made in plaintiff's petition.

A general demurrer was filed by the defendant and urged against plaintiff's cause of action as set up in the petition, which was by the court sustained; and appellant declining to amend, the cause was dismissed. From the judgment dismissing the case this appeal has been perfected, and the action of the court in sustaining the general demurrer is assigned as error. The action of the court in sustaining the general demurrer is the only question presented for our consideration.

A similar action to this was brought by Sarah Whitfield against the city of Paris, for personal injury sustained through the negligence of a policeman specially delegated by the city to execute and carry out an ordinance directing the killing of dogs found running at large upon the streets. Said case being reported in 84 Texas, 432. The injury for which the recovery was sought was inflicted by a gunshot from the hands of the policeman while attempting to kill a dog on the streets, in the enforcement of this ordinance. It was alleged that the policeman recklessly and negligently discharged his gun at the dog, at a place and in a manner liable to inflict injury upon persons, and through his negligence the plaintiff was injured. It was charged in that case, that the policeman was specially employed by the city for that purpose, and that he was the agent and employe of the city, executing its orders. The court below in that case sustained a general demurrer to the petition, and the action of the court was reviewed on appeal. The case was passed upon by the Commission of Appeals, Section B, Justice Tarlton delivering the opinion of the court, and the decision of that court was adopted and approved by the Supreme Court.

In the clear opinion delivered by Justice Tarlton, it is said: "The enactment of the ordinance referred to in the petition was an exercise by the city of its police power. Its purpose was to secure the safety, health, and welfare of the public. Beatis, the man whose act was complained of, was not therefore a mere servant or employe, though the petition so denominates him. He occupied the attitude of a policeman engaged in the enforcement of an ordinance of the city. In such a case the maxim 'respondeat superior' does not apply. Where a city acts as the agent of the State, it becomes the representative of sovereignty. It is not acting in the management of its private or corporate concerns, but in the interest of the public, and as the guardian of the health, peace, convenience, and welfare of the public. Under such circumstances it is not liable for the acts of its officers or employes engaged in the execution of its ordinances." Citing 2 Dill. on Mun. Corp., sec. 975; Culver v. City of Streator, 22 N. E. Rep., 810, and the numerous authorities there cited; Harrison v. Columbus, 44 Texas, 418; Keller v. Corpus Christi, 50 Texas, 614; Conway v. Beaumont, 61 Texas, 12; Galveston v. Posnainsky, 62 Texas, 130; Corsicana v. White, 57 Texas, 382.

And in addition to the authorities cited in that case, we cite also the following: Culver v. Streator, 130 Ill., 238; Dargan v. Mayor, 70 Am. Dec., 505; Stewart v. New Orleans, 61 Am. Dec., 218; Lloyd v. Mayor, 55 Am. Dec., 347; Elliott v. Philadelphia, 15 Am. Rep., 591; Ogg v. Lansing, 14 Am. Rep., 499; Wright v. Augusta, 6 Am. St. Rep., 256; 2 Thomp. on Neg., 732–735.

The action of the lower court in sustaining the demurrer to the petition is sustained upon the soundest reasoning by the great weight of authority, and should be approved by this court.

The judgment of the lower court is affirmed.

*Affirmed.*

Delivered December 20, 1893.