## SWANSON v. CITY OF NACOGDOCHES.

(Court of Civil Appeals of Texas. Texarkana. Nov. 13, 1913.)

1. APPEAL AND ERROR (§ 837*)—REVIEW—DEMURRER.

In considering the propriety of the action of the lower court in sustaining a demurrer to the petition, the appellate court cannot consider the allegations of a supplemental petition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3262–3272, 3274–3277, 3289; Dec. Dig. § 837.*]

2. MUNICIPAL CORPORATIONS (§ 745*)—TORTS.

A municipal corporation is not liable for the wrongful assault and imprisonment of the plaintiff by its officers without a showing of some wrongful act by the corporation itself.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1566; Dec. Dig. § 745.*]

Appeal from District Court, Nacogdoches County; Jas. I. Perkins, Judge.

Action by James L. Swanson against the City of Nacogdoches. From a judgment for defendant, plaintiff appeals. Affirmed.

Jas. W. Williams, of Fowlerton, for appellant. Ingraham & Hodges, of Nacogdoches, for appellee.

WILLSON, C. J. Appellant, plaintiff in the court below, after alleging in his petition

---

that on March 19, 1912, he was lawfully engaged in the retail grocery business at No. 208 East Main street in the city of Nacogdoches, further alleged as follows: "That on or about said 19th day of March, 1912, while he [appellant] was quietly and peaceably pursuing his lawful occupation, defendant [said city of Nacogdoches], acting by and through its city marshal, E. M. Weaver, with the assistance of one H. C. Rich and W. H. Johnson, against the will and consent of plaintiff, with force and arms entered plaintiff's premises, and violently laid hold of plaintiff's person, and forcibly, and against the will and without the consent of the plaintiff, conducted plaintiff before the mayor of the said city of Nacogdoches, and by order of said mayor acting for and in the name of the defendant, the city of Nacogdoches, then and there with force and arms, against the will and contrary to the wish of plaintiff, incarcerated and falsely imprisoned plaintiff by placing him within a dirty and filthy cell in defendant's city jail, and then and there falsely and illegally held and imprisoned plaintiff against his will and consent in said city jail for more than four hours, and at the expiration of four hours defendant, acting by and through its said agents and representatives, removed plaintiff from said jail, and publicly, openly, and notoriously, against his will and without his consent, paraded plaintiff about the streets and the public square of said city of Nacogdoches, and then and there, against plaintiff's will and consent, compelled plaintiff to engage at hard labor upon the public streets of the city of Nacogdoches for a period of eight hours, and then and there falsely imprisoned plaintiff and deprived him of his liberty for a period of eight hours." After alleging that as a consequence of the acts of said city marshal and mayor he suffered damages in various sums, aggregating $5,715, the amount for which he sought judgment, appellant further alleged as follows: "Plaintiff further charges and alleges that the acts of defendant's agents and representatives, to wit, Geo. H. Matthews, E. M. Weaver, H. C. Rich, and W. H. Johnson, were willfully and maliciously done for the purpose of injuring plaintiff, humiliating him, and disgracing him before his fellowmen, and that said acts of said E. M. Weaver, George H. Matthews, H. C. Rich, and W. H. Johnson have all and every one been willfully and completely ratified by the defendant, by reason of which plaintiff should have and recover of the defendant exemplary damages in the sum of $5,000."

The court sustained a general demurrer to the petition, and, appellant refusing to amend same, dismissed the suit.

[1] While appellant assigns as error the action of the trial court in sustaining the demurrer and dismissing the suit, the propositions under the assignment are not framed to show that he stated a cause of action in his said petition, but to show that he stated one in a supplemental petition he filed in reply to appellee's answer. In determining whether the demurrer, addressed to the original petition alone, should have been sustained or not, we do not think we can look to allegations in the supplemental petition in aid of those in the original petition.

[2] The case made by the allegations in the original petition is that appellee by its marshal and mayor unlawfully and maliciously assaulted and imprisoned appellant, whereby he was injured. The allegations doubtless were sufficient to show a liability on the part of said marshal and mayor; but appellant did not seek a recovery against them. They were not sufficient to show a liability on the part of appellee. A municipal corporation is liable for torts committed by its officers only in exceptional cases. Allegations showing merely a wrongful assault on and imprisonment of a plaintiff by officers of such a corporation do not present such a case. 2 Dillon, Mun. Corp. §§ 972, 975; 20 A. & E. Enc. Law, pp. 1199, 1201, 1202, 1204; City of Corsicana v. White, 57 Tex. 382; McFadin v. City of San Antonio, 22 Tex. Civ. App. 140, 54 S. W. 48; Rusher v. City of Dallas, 83 Tex. 151, 18 S. W. 333; Harrison v. City of Columbus, 44 Tex. 418; Edson v. Olathe, 81 Kan. 328, 105 Pac. 521, 36 L. R. A. (N. S.) 861; Hershberg v. City of Barbourville, 142 Ky. 60, 133 S. W. 985, 34 L. R. A. (N. S.) 141, Ann. Cas. 1912D, 189; City of Greenville v. Branch, 152 S. W. 478.

The judgment is affirmed.