### SMITH et al. v. ARNOLD.  (No. 947.)

(Court of Civil Appeals of Texas. Beaumont. April 27, 1923. Rehearing Denied May 9, 1923.)

1. **Municipal corporations** ⬅747(3)—City not liable for negligence of poundmaster.

A city is not liable for negligence of its marshal, acting as poundmaster, in handling and caring for an animal impounded under an ordinance passed in the exercise of the police power conferred by Vernon's Sayles' Ann. Civ. St. 1914, art. 860; he occupying the attitude of a policeman.

2. **Animals** ⬅105—Finding of negligent care by poundmaster authorized.

Facts *held* to authorize finding of negligence of poundmaster in handling and caring for impounded animal, causing its death, rendering him personally liable.

Error from Harris County Court; John W. Lewis, Judge.

Action by Gary Arnold against L. J. Smith and another. Judgment for plaintiff, and defendants bring error. Affirmed in part, and in part reversed and rendered.

Homer Stephenson, of Houston, for plaintiffs in error.

J. S. Bracewell, of Houston, for defendant in error.

O'QUINN, J. Arnold sued the city of Park Place and L. J. Smith, its city marshal, who was also acting as poundmaster of said city, in a justice court of Harris county for damages caused by said Smith impounding a cow belonging to Arnold, and so negligently handling and caring for her that she was injured and died. The defendants answered by general demurrer and general denial.

Judgment was rendered against both defendants for $125, and appeal was taken to the county court at law for Harris county, and judgment there rendered against both defendants for $141.43, to which both defendants excepted and have brought the case here by writ of error for review.

The facts are practically without dispute. Arnold lived without the city and was the owner of the cow impounded. Smith was city marshal of Park Place, and it was also his duty to act as poundmaster to enforce the ordinance against stock running at large within the city limits. In the performance of this duty he causes plaintiff's cow to be taken up within the city limits and tied with a rope to a tree. This was about noon on Saturday. Smith did not notify plaintiff, although he knew that the cow belonged to plaintiff, having had her up before, and there was telephone connection between them. Sunday it was discovered that the cow was down and could not get up. Then Smith phoned to Arnold, and some one of Arnold's family answered the phone, and he told them about the cow; that he had impounded her, and that she was down and could not get up. Arnold was in bed sick and remained indisposed for two or three days, but immediately when he was able to get up went to Smith's and saw the cow still alive, but down and helpless. Arnold then sent a veterinary surgeon to see and treat the cow, but it did no good, and she died without ever being able to get up. Smith had not attempted to have the cow treated or examined. The veterinary surgeon testified the cow was suffering from motor paralysis caused by some kind of traumatism—that is, a jerk, wrench, or blow that would injure the spinal cord—that the spinal cord or nerves were not in good condition because of some probable injury she had received. Archie Smith, son of defendant L. J. Smith, testified that under the instructions of his father he took up the cow, and that as they had had her up several times before and she would break out of the pen and let other stock out, under instructions from his father he tied her to a tree; that she fought him, and that he had to watch her to keep her from hurting him; that he had some trouble in getting her up to the tree and adjusting the rope he put on her, but that he did not strike her, and made no effort to hurt her in any way. Smith had had the cow up several times before, and had phoned Arnold, and one time had taken her home. He had an automobile. It was about one mile from Smith's to Arnold's.

Plaintiffs in error insist that the court erred in not sustaining their general demurrer; that, under the pleadings, facts, and

---

law no liability was shown against either of them.

[1] As to plaintiff in error city of Park Place, the proposition is well taken. Article 860, Vernon's Sayles' Civil Statutes, authorizes cities and towns to establish and regulate public pounds, and to regulate, restrain, and prohibit certain named animals from running at large, and the impounding and sale of same for the costs and penalties incurred for a violation of the city ordinance. Such ordinances arise out of the police power conferred upon cities and towns and are enacted for the public good. A municipal corporation is not liable in damages for the careless and negligent execution of a city ordinance, made and passed in the exercise of its police powers, by one of its police officers or agents on whom it imposes the execution of such ordinance. In the instant Case, Smith, the city marshal, whose act in impounding the cow is complained of, was not a mere servant or employee of the city, but occupied the attitude of a policeman engaged in the enforcement of an ordinance of the city. In such cases it is well settled that the rule of respondeat superior does not apply. Whitfield v. City of Paris, 84 Tex. 431, 19 S. W. 566, 15 L. R. A. 783, 31 Am. St. Rep. 69; Givens v. City of Paris, 5 Tex. Civ. App. 705, 24 S. W. 974; Gregg v. Hatcher, 94 Ark. 54, 125 S. W. 1007, 27 L. R. A. (N. S.) 138, 21 Ann. Cas. 982; Wilks v. Caruthersville, 162 Mo. App. 492, 142 S. W. 800; Swanson v. City of Nacogdoches (Tex. Civ. App.) 161 S. W. 83; Rusher v. City of Dallas, 83 Tex. 151, 18 S. W. 333; Stinnett v. City of Sherman (Tex. Civ. App.) 43 S. W. 847; Dillon on Municipal Corporations (5th Ed.) vol. 4, § 1656; McQuillin on Municipal Corporations, vol. 5, § 2667, p. 5496; 20 A. & E. Ency. of Law (2d Ed.) 1193; 19 R. C. L. §§ 390–399.

McQuillin, supra, says:

"The keeping of a pound conserves the public good by removing from the streets what might otherwise become a nuisance. Hence a municipality is not liable for the negligence of its poundkeeper which causes the death or injury of an animal which he has taken up."

[2] We do not believe the proposition should be sustained as to plaintiff in error Smith. He knew the cow's owner, and that she was a milch cow about one mile from her home. He had had her in custody before. She was taken up about noon on Saturday. Smith and Arnold both had phones. Smith made no effort to advise Arnold that the cow was impounded until some time in the day Sunday, after she had gotten down and could not get up, and there is no excuse why notice was not thus given, which, if done, the cow could have been redeemed and taken home on the evening of the same day she was taken up. Arnold was down sick. Smith made no effort to have the cow treated or examined by a veterinary, but left her to lie there helpless for several days, not even phoning her owner as to his wish in the matter. The pleadings below were sufficient, and we think the evidence supports the judgment.

The judgment as to plaintiff in error city of Park Place is reversed and here rendered in its favor. The judgment against Smith is affirmed.