## BEVILLE v. CITY OF LONGVIEW.

### No. 5467.

Court of Civil Appeals of Texas.
Texarkana.

July 13, 1939.

Rehearing Denied July 20, 1939.

Giles Harris, of Longview, for plaintiff in error.

Stinchcomb, Kenley & Sharp and Fred Erisman, all of Longview, for defendant in error.

WILLIAMS, Justice.

Members of the police department of the city of Longview, a municipal corporation, caught up and placed in its pound pen a stray mule roaming at large within its corporate limits. Thereafter the police department released the mule upon payment of the pound fee to a third party who fraudulently represented that he was the owner of the mule and that it had escaped from his premises near Greggton in said county. This third party, who gave his name as J. M. Davis, thus obtained possession. He has converted the mule to his own use and benefit by disappearing with the mule to parts unknown, leaving no trace of himself or the mule. In this suit Fred Beville, the owner of the mule, seeks to recover from said city a judgment for its value under the "respondeat superior" rule, asserting that the police were negligent in surrendering this mule to a person they were unacquainted with, without first obtaining proof that such third person was the true owner. The jury was instructed to return a verdict for defendant.

Under the provisions of Section 16, Article 1015, R.C.S. of 1925, defendant had established a public pound and duly passed an ordinance to restrain and prohibit mules and other live stock to roam at large within its corporate limits. The en-actment of this ordinance was an exercise by the city of its police power, in the discharge of its governmental function. It was enacted in the interest and welfare of the public at large. Under this record, quoting from Whitfield v. City of Paris, 84 Tex. 431, 19 S.W. 566, 567, 15 L.R.A. 783, 31 Am.St.Rep. 69, "The maxim respondeat superior does not apply. Where a city acts as the agent of the state, it becomes the representative of sovereignty. It is not acting in the management of its private or corporate concerns, but in the interest of the public * * *. Under such circumstances, it is not liable for the acts of its officers * * * engaged in the execution of its ordinances." See, also, Smith v. Arnold, Tex.Civ.App., 251 S.W. 315, and authorities there collated.

The judgment is affirmed.