Raford HARGROVE et al., Appellants,

v.

The CITY OF ROTAN, Texas, Appellee.

No. 5050.

Court of Civil Appeals of Texas, Eastland.

June 23, 1977.

Rehearing Denied July 14, 1977.

David C. Cave, Spur, for appellants.

Norman Arnett, Rotan, for appellee.

RALEIGH BROWN, Justice.

This is a summary judgment case. Raford Hargrove, Individually and on behalf of Raford Stanley Hargrove, Jr. and Mark R. Hargrove, instituted proceedings against the City of Rotan contending various employees and officers of the City and other agents and servants who were unknown to plaintiffs wrongfully took and destroyed certain personal property belonging to the plaintiffs, namely, the family's pet Collie dog, Lassie. The City of Rotan's motion for summary judgment was granted. Plaintiffs appeal. We affirm.

One point of error is presented:

"The District Court abused its discretion and erred by entering summary judgment and finding that the doctrine of governmental immunity shielded the City defendant from liability for wrongful taking of personal property."

Appellants alleged that the pet dog who had wandered away from home was shot by officers, agents or employees of the City of Rotan with the knowledge and with the instruction from the officers of the city government and without first impounding the dog. Appellants pleaded an ordinance of the City provided for the impoundment of dogs running loose or at large. Specifically, appellants contend Section 5 of the ordinance provides for the right to redeem the animal impounded by paying the chief of police or health officer or poundmaster the sum of one dollar for each day the animal is detained in addition to any tax or fine provided such redemption is made within three days after the impoundment.

Appellants allege this right of redemption was denied them. Because of this wrongful taking of property by the government entity or this taking of property without just compensation, appellants argue the doctrine of governmental immunity does not shield the City of Rotan. We disagree.

In the early case, *Whitfield v. City of Paris,* 84 Tex. 431, 19 S.W. 566 (1892), an ordinance providing for the destruction of dogs was held to be a proper exercise of the police power of the municipality because it was designed to secure the safety, health and welfare of the public.

The court in *Beville v. City of Longview,* 131 S.W.2d 313 (Tex.Civ.App.—Texarkana 1939, writ dism'd) said:

". . . defendant had established a public pound and duly passed an ordinance to restrain and prohibit mules and other live stock to roam at large within its corporate limits. The enactment of this ordinance was an exercise by the city of its police power, in the discharge of its governmental function. It was enacted in the interest and welfare of the public at large . . ."

The court in *Smith v. Arnold,* 251 S.W. 315 (Tex.Civ.App.—Beaumont 1923, no writ) considering the liability of a municipality for the negligence of its poundmasters in carrying out the municipal ordinance regulating, restraining and prohibiting certain animals from running at large and impounding them said:

". . . Such ordinances arise out of the police power conferred upon cities and towns and are enacted for the public good. A municipal corporation is not liable in damages for the careless and negligent execution of a city ordinance, made and passed in the exercise of its police powers, by one of its police officers or agents on whom it imposes the execution of such ordinance. In the instant Case, Smith, the city marshal, whose act in impounding the cow is complained of, was not a mere servant or employee of the city, but occupied the attitude of a policeman engaged in the enforcement of an ordinance of the city. In such cases it is

well settled that the rule of respondeat superior does not apply. *Whitfield v. City of Paris,* 84 Tex. 431, 19 S.W. 566, 15 L.R.A. 783, 31 Am.St.Rep. 69; *Givens v. City of Paris,* 5 Tex.Civ.App. 705, 24 S.W. 974; *Gregg v. Hatcher,* 94 Ark. 54, 125 S.W. 1007, 27 L.R.A. (N.S.) 138, 21 Ann. Cas. 982; *Wilks v. Caruthersville,* 162 Mo. App. 492, 142 S.W. 800; *Swanson v. City of Nacogdoches* (Tex.Civ.App.) 161 S.W. 83; *Rusher v. City of Dallas,* 83 Tex. 151, 18 S.W. 333; *Stinnett v. City of Sherman* (Tex.Civ.App.) 43 S.W. 847; Dillon on Municipal Corporations (5th Ed.) vol. 4, § 1656; McQuillin on Municipal Corporations, vol. 5, § 2667, p. 5496; 20 A. & E. Ency. of Law (2d Ed.) 1193; 19 R.C.L. §§ 390–399.

McQuillin, supra, says:

'The keeping of a pound conserves the public good by removing from the streets what might otherwise become a nuisance. Hence a municipality is not liable for the negligence of its poundkeeper which causes the death or injury of an animal which he has taken up.' "

We hold the doctrine of governmental immunity does shield the City of Rotan from liability although the individual or individuals who destroyed the dog may not be so protected. As this court stated in *Eubanks v. Wood,* 304 S.W.2d 567 (Tex.Civ. App.—Eastland 1957, writ ref. n. r. e.) considering the individual liability of a police officer:

"The evidence is conclusive, as Eubanks contends, that he was at the time of the accident engaged in the course of his employment with the City of Big Spring as a police officer. Although cities are not liable for the negligent acts of their police officers in the discharge of their duty, a police officer is not immune from liability for his own negligence while so engaged. Even though he is engaged in the performance of a public duty as a police officer, he is civilly liable when he acts in a wrongful, oppressive or illegal manner . . ."

Appellants pleaded facts which affirmatively negated their cause of action against the City of Rotan and the court correctly granted the motion for summary judgment. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex.1974); *Siegel v. McGavock Drilling Company,* 530 S.W.2d 894 (Tex.Civ.App.—Amarillo 1975, writ ref. n. r. e.).

The judgment is affirmed.