TRUCKER'S, INC., Appellant,

v.

SOUTH TEXAS CONSTRUCTION
COMPANY et al., Appellees.

No. 1213.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 8, 1977.

**856**

Joe Glenn Thompson, Thompson & Redford, Houston, for appellant.

John C. North, Jr., North, White & Blackmon, Corpus Christi, L. Perry Young, Wharton, for appellees.

## OPINION

YOUNG, Justice.

This suit for hauling services on a highway construction project was brought by Trucker's, Inc., (formerly Stafford Trucking Company) against Bay Prairie Aggregate Corporation, subcontractor; South Texas Construction Company and Austin Bridge Company, prime contractors and principals on a payment bond; and St. Paul Mercury Insurance Company, surety on the bond. All defendants answered.

Thereafter plaintiff filed a motion for summary judgment against Bay Prairie. The trial court granted that motion for the full amount sought by plaintiff in its petition, but Bay Prairie has not appealed. A motion for summary judgment was also filed by all defendants, except Bay Prairie, against the plaintiff wherein the defendants alleged that any recovery against them by plaintiff was barred 1) because of the plaintiff's untimely claim notice to the defendants under Article 5160[1] and, 2) because of the inapplicability of Article 5472e. The trial court granted that motion of the defendants and the plaintiff appeals. We affirm.

The judgment on appeal here was based on the pleadings alone since there were no affidavits or other summary judgment evidence before the court.

■ Because there was no summary judgment evidence presented at the hearing in the trial court, we must consider as proven the facts alleged by the plaintiff. *Bexar Plumb. v. McKettrick, Etc., Architects*, 532 S.W.2d 112 (Tex.Civ.App.—Houston [1st District] 1975, no writ). We summarize plaintiff's allegations in part, with appropriate paragraphs of plaintiff's petition noted, all as follows:

IV. Construction Company and Bridge Company are co-venturers and were awarded a contract by the Texas Highway Department for the construction of a project in Wharton County for a total contract price of $3,173,130.00.

V. In accordance with the provisions of Article 5160 Construction Company and Bridge Company as prime contractors and principals provided the Texas Highway Department with a payment and performance bond, each in a form approved by the Texas Highway Department. Each bond was executed together with the principals by Insurance Company as surety, payable to the Texas Highway Department as the governmental awarding authority.

VI. Construction Company and Bridge Company then entered into a subcontract with Bay Prairie for Bay Prairie to provide the aggregate for the project and all labor and material needed for the procurement of the aggregate.

VII. Whereupon Bay Prairie entered into a separate agreement with plaintiff whereby plaintiff was to perform the hauling of the aggregate from a supply point in Colorado County and from there to the job site in Wharton County.

VIII. In accordance with the agreement (a copy is attached to the petition as Exhibit "B" and is incorporated therein) plaintiff performed the hauling between September 30, 1975 and October 15, 1975.

IX. Plaintiff rendered billing by documents (copies of which are attached to the petition as Exhibit "A" and are incorporated therein) to Bay Prairie for all amounts due.

X. After all credits and offsets the remaining balance owed is $19,048.17 which Bay Prairie has failed to pay. Therefore plaintiff is entitled to interest, reasonable attorney's fees and costs of court.

XI. Because of Bay Prairie's refusal to pay the amount of the billing, plaintiff gave notice on January 5, 1976, by certified mail with return receipt requested to

1. All statutory references are to Vernon's Rev. Civ.Stat.Ann.

Construction Company, Bridge Company and Insurance Company.

XII and XIII. A notice of the amount due and the nature of the work done (a copy is attached to the petition as Exhibit "D" and is incorporated therein) and a sworn statement of account (a copy is attached to the petition as Exhibit "C" and incorporated therein) were both sent by the plaintiff to each of the defendants. XIV. More than 60 days has elapsed since the filing of plaintiff's claim and neither of the prime contractors nor the surety has made any payment on such claim.

In the remainder of its petition the plaintiff alleged additional grounds for entitlement to recovery under the alternative theories of substantial notice compliance, of unjust enrichment, or of trust funds under Article 5472e.

The plaintiff has brought forward three points of error. In its first and second points the plaintiff contends that the trial court erred in granting summary judgment: 1) by basing its action on the pleadings alone; 2) because the pleadings raised genuine issues as to material facts.

In that regard our Supreme Court in *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.Sup.1974), set out the general rule. The rule is that where a plaintiff's petition fails to state a cause of action and the defendant levels no special exceptions to the pleading which would give the plaintiff an opportunity to amend to state a cause of action, the trial court errs in granting a summary judgment on the pleadings alone. Further, if the defendant does file special exceptions to the pleadings which are sustained, the trial court would be authorized to dismiss plaintiff's suit if the plaintiff still failed, even after amendment, to state a cause of action.

The Court in *Herring* did recognize an exception to the general rule: i. e., where a plaintiff pleads facts which affirmatively negate his cause of action, it is proper for the trial court to grant the motion of the defendant for summary judg-ment. The granting of a summary judgment on the pleadings alone is not novel. For example, see *Hargrove v. City of Rotan*, 553 S.W.2d 246 (Tex.Civ.App.—Eastland 1977, no writ); *Smith v. Coffee's Shop For Boys & Men, Inc.*, 536 S.W.2d 83 (Tex. Civ.App.—Amarillo 1976, no writ); *Siegel v. McGavock Drilling Co.*, 530 S.W.2d 894 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.); *Morris v. Hargrove*, 351 S.W.2d 666 (Tex.Civ.App.—Austin 1961, writ ref'd n. r. e.); *Schroeder v. Texas & Pacific Ry. Co.*, 243 S.W.2d 261 (Tex.Civ.App.—Dallas 1951, no writ).

Our problem is to determine whether the case before us is covered by the *Herring* rule, or the exception to that rule.

Because plaintiff's recovery depends on provisions of Article 5160, we deem it appropriate here to set out in part pertinent portions of that Article:

"A. Any . . . firm, or corporation, hereinafter referred to as 'prime contractor,' entering into a formal contract in excess of $125,000 with this State, . . . or any other governmental or quasi-governmental authority, . . . authorized under any law of this State, . . . to enter into contractual agreements for . . . the prosecution or completion of any public work, shall be required before commencing such work to execute to the aforementioned governmental authority . . . the statutory bonds as hereinafter prescribed. Each such bond shall be executed by a corporate surety or corporate sureties duly authorized to do business in this State. . . . (T)he bonds shall be payable to the governmental awarding authority concerned, and shall be approved by it as to form. Any bond furnished by any prime contractor in an attempted compliance with this Act shall be treated and construed as in conformity with the requirements of this Act as to rights created, limitations thereon, and remedies provided.

\*　　\*　　\*　　\*　　\*　　\*

(b) A Payment Bond, in the amount of the contract, solely for the protection of

all claimants supplying labor and material as hereinafter defined, in the prosecution of the work provided for in said contract, for the use of each such claimant.

\* \* \* \* \* \*

B. Every claimant who has furnished labor or material in the prosecution of the work provided for in such contract in which a Payment Bond is furnished as required hereinabove, and who has not been paid in full therefor, shall have the right, if his claim remains unpaid after the expiration of sixty (60) days after the filing of the claim as herein required, to sue the principal and the surety or sureties on the Payment Bond jointly or severally for the amount due on the balance thereof unpaid at the time of filing the claim or of the institution of the suit plus reasonable attorneys' fees; provided:

(a) Notices Required for Unpaid Bills, other than notices solely for Retainages as hereinafter described.

Such claimant shall have given within ninety (90) days after the 10th day of the month next following each month in which the labor was done or performed, in whole or in part, or material was delivered, in whole or in part, for which such claim is made, written notices of the claim by certified or registered mail, addressed to the prime contractor at his last known business address, or at his residence, and to the surety or sureties. Such notices shall be accompanied by a sworn statement of account stating in substance that the amount claimed is just and correct and that all just and lawful offsets, payments, and credits known to the affiant have been allowed. Such statement of account shall include therein the amount of any retainage or retainages applicable to the account that have not become due by virtue of terms of the contract between the claimant and the prime contractor or between the claimant and a subcontractor. When the claim is based on a written agreement, the claimant shall have the option to enclose, with the sworn statement of account, as such

notice a true copy of such agreement and advising completion or value of partial completion of same.

\* \* \* \* \* \*

(b) Additional Notices Required of Claimants Who Do Not Have a Direct Contractual Relationship With the Prime Contractor.

Excepting an individual mechanic or laborer who is a claimant for wages, *no right of action shall be legally enforceable*, nor shall any suit be maintained under any provision of this Act by a claimant not having a direct contractual relationship with any prime contractor for material furnished or labor performed under the provisions of this Act unless such claimant has complied with those of the following additional requirements which are applicable to the claim:

\* \* \* \* \* \*

(2) Such Claimant shall have given written notice by certified or registered mail . . . to the prime contractor within thirty-six (36) days after the 10th day of the month next following each month in which the labor was done or performed, in whole or in part, or material delivered, in whole or in part, that payment therefor has not been received. A copy of the statement sent to the subcontractor shall suffice as such notice." (Emphasis supplied.)

From the plaintiff's petition we note that plaintiff stated that its work was finished October 15, 1975, and that it gave notice January 5, 1976, to the defendants of its claim for the amount due therefor. This notice as alleged was tardy, because plaintiff was required by Section B(b)(2) of Article 5160, as set out above, to have given such notice not later than December 16, 1975.

Plaintiff attempts to overcome its pleadings by demonstrating that judicial interpretations of Article 5160 do not require strict compliance with notice provisions of that Article. In support of its position plaintiff cites: *Lesikar Construction Company v. Acoustex, Inc.,* 509 S.W.2d 877 (Tex.

Civ.App.—Fort Worth 1974, writ ref'd n. r. e.); *Citadel Construction Company v. Smith*, 483 S.W.2d 283 (Tex.Civ.App.—Austin 1972, writ ref'd n. r. e.); *Seldon v. S & S Aggregates Company*, 441 S.W.2d 950 (Tex. Civ.App.—Eastland 1969, writ ref'd n. r. e.); *United Benefit F. Ins. Co. v. Metropolitan Plumbing Co.*, 363 S.W.2d 843 (Tex.Civ.App. —El Paso 1962, no writ). Although these cases stand for the proposition that Article 5160 is to be given a liberal construction, we do not feel they are controlling in the present case. Each of these cases involves a determination of whether a timely notice, lacking in some respect as to form, was sufficient notice. Therefore, in each of the cited cases even though substantial compliance was approved as to the type of notice given, the prime contractor was notified of the debt prior to the expiration of the period within which notice was required.

In *United Benefit Fire Insurance Company*, the issue of strict construction versus liberal construction of Article 5160 (as amended in 1959) was first considered. The Court there decided in favor of liberal construction because of the remedial nature of the Article and held that *timely* notice even though defective as to form was sufficient compliance with the Article. The Court's decision was based upon the Legislature's use of "broad general terms" when prescribing the type of notice required for compliance with the Article. The Court noted, however, that "other requirements of the statute are more specific and indicate that the Legislature intended some of the provisions should be strictly complied with."

■ In *Bunch Electric Company v. TexCraft Builders, Inc.*, 480 S.W.2d 42 (Tex.Civ. App.—Tyler 1972, no writ) the Court there held that the notice time limit provision of Article 5160 was mandatory and said the following in that regard:

"The requirement of notice within ninety (90) days is not a mere statute of limitations, but is a substantive condition precedent to the existence of the cause of action. . . . "

In *Bunch*, the Court there was considering the times of notice (90 days) under Sections B(a) and B(c) of Article 5160 where the claimant has a contract with the prime contractor. Even so, the Court's reasoning there would apply also to the time of notice (36 days after the 10th of the month after the month of the performance of work) under Section B(b)(2) of the Article 5160 where the claimant has no contract with the prime contractor, as here. We hold, therefore, that the plaintiff's failure in the present case to give timely notice is a bar to any claim under Article 5160.

■ Plaintiff further argues that fact issues exist about whether the payment bond was for the full amount of the contract as required by Article 5160 so as to exempt appellees from liability under Article 5472e. Again plaintiff has pled itself out of court in that regard by its allegation in paragraph V of its petition wherein it stated that the appellees executed a payment bond in accordance with Article 5160.

■ Another contention by the plaintiff is that it can recover under the trust fund theory of Article 5472e. This Article is not applicable, however, where the full contract account is covered by a payment bond, as alleged here.

■ A further assertion by the plaintiff is that a fact issue was raised about plaintiff's right of retainage under Sections B(b) and B(c) of Article 5160. This contention is also negated by the plaintiff by a statement in Exhibit "C" attached to and incorporated in plaintiff's petition which says "Said agreement does not provide for retainage." Plaintiff's points one and two are overruled.

In its final point, plaintiff seeks equitable relief regardless of strict compliance with statutory provisions. We overrule this point also because of the reason we have given that timely notice is a condition precedent to the existence of a cause of action.

We have carefully considered all of appellant's points of error and they are overruled.

The judgment of the trial court is affirmed.