## CHAS. L. SHANEWERK v. CITY OF FORT WORTH.

### No. 1981.

**City Fire Department—Liability of Municipal Corporation.**

The officers of the fire department of a city, whether it is operating under general law or by special charter, are regarded, not as the servants of the corporation appointing them, but of the general public, and the city is not liable in damages for personal injuries occurring to one of them through the gross negligence and incompetency of another one, although the city council may have selected the latter knowing that he was incompetent.

APPEAL from Tarrant. Tried below before Hon. S. P. GREENE.

*W. L. Husbands,* for appellant.—When a city employs an agent to perform responsible duties, in the performance of which capacity and prudence are necessary, it is required to exercise ordinary care and prudence in the selection of such agent, and if it employs as such agent a person known to said city at the time to be an unfit and incompetent person to perform such duties, and such person in the course of the performance of the said duties incompetently and negligently inflicts injury upon another, the city is liable in damages for such injury. Galveston v. Ponainsky, 62 Texas, 118; City of Ft. Worth v. Crawford, 64 Texas, 202; Aaron v. Broiles, 64 Texas, 316; Austin v. Ritz, 72 Texas, 391; Conroy v. City of Beaumont, 61 Texas, 10; Klein v. City of Dallas, 71 Texas, 284; City of Galveston v. Barbour, 62 Texas, 172; Barnes v. District of Columbia, 91 U. S., 440; Bowditch v. Boston, 101 U. S., 16.

*C. M. Templeton,* for appellee.—1. A municipal corporation is not liable for the negligence of a member of its fire department, whereby an injury is inflicted upon another; because the members of such department, although appointed and paid by the city, are acting for and

in behalf of the public, and are not such agents and servants of a city, for whose negligence in the discharge of duty, the corporation will be held liable. Keller v. Corpus Christi, 50 Texas, 614; Hayes v. Oshkosh (33 Wis.), 14 Am. Rep., 760; Hafford v. City of New Bedford, 16 Gray, 302; Fisher v. Boston, 114 Mass., 87; 6 Am. Rep., 196; Wilcox v. Chicago, 107 Ill., 334; s. c. 47, Am. Rep., 434; Wheeler v. Cincinnati, 19 Ohio St., 19; s. c. 2 Am. Rep., 368; Howard v. San Francisco, 51 Cal., 52; Heller v. Sedalia, 53 Mo., 159; s. c. 14 Am. Rep., 444; Burrill v. Augusta, 78 Me., 118; O'Meara v. New York, 1 Daly, 425; Greenwood v. Louisville, 13 Bush., 226; Robinson v. Evansville, 87 Ind., 334; Grube v. St. Paul, 34 Minn., 402; 2 Dillon on Mun. Corp., sec. 976.

2. The same principle is announced in the following cases, holding a municipal corporation not liable for the negligent acts of its police officers: Harrison v. City of Columbus, 44 Texas, 418; City of Corsicana. v. White, 57 Texas, 382; Rusher v. City of Dallas, 83 Texas, 151; Whitfield v. City of Paris, 84 Texas, 431; Givens v. City of Paris, 5 Texas Civ. App.. 708.

STEPHENS, Associate Justice.—Appellant's cause of action is thus briefly stated by his counsel: "This suit was brought by appellant against appellee for damages for personal injuries received by him while in discharge of his duties as engineer of a fire engine belonging to the fire department of appellee city, said injuries having been inflicted as alleged by reason of the gross negligence and incompetency of one Matkin, the driver of the said fire engine, by his negligently driving said engine upon which appellant was engineer into a collision with a hose wagon, upsetting said engine and causing same to fall upon and injure appellant, and by reason as alleged of the gross negligence of said city and its officers in employing and retaining in its employment said Matkin as such driver of said engine, knowing him to be incompetent and unfit for such position."

It was charged that appellee had sought and obtained a special charter, with authority to maintain and regulate a fire department, etc.

A general demurrer was sustained to the petition, and to that action of the court, and that only, error is assigned. The single law question thus raised seems to have been quite thoroughly and generally settled against appellant's contention by the textwriters and adjudged cases. For a late citation and review of the authorities, see Gillispie v. Lincoln (Neb.), 16 L. R. A., 349; also Dodge v. Grange (R. I.), 15 L. R. A., 781, and notes. For cases having weight by analogy, see Whitfield v. City of Paris, 84 Texas, 431, and cases there cited, and notes to this case as reported in 15 L. R. A., 783; Givens v. City of Paris, 5 Texas Civ. App., 708; 24 S. W. R., 974, and cases there cited.

The theory of these numerous cases is that the officers of the fire department and the like of a city, whether operating under general law or by special charter, are not the agents or servants of the corporation appointing them, but of the general public, and therefore that the

doctrine of respondeat superior does not apply to their conduct. It follows, then, that the city would not be liable, though its council may have knowingly selected an incompetent driver. Rusher v. City of Dallas, 83 Texas, 151.

In the able opinion of Judge Stayton in the leading case in this State on the subject of municipal liability for defective streets (62 Texas, 118), some stress seems to have been laid upon the fact that the city of Galveston had obtained a special charter, but aside from that the decision was in accordance with the great weight of authority holding cities and towns liable for negligence in respect to streets and sidewalks.

The action of a community in adopting a city charter under general law in this State and in obtaining one by special act of the Legislature is equally voluntary, and no good reason is perceived why there should be any difference of liability in the two cases. At all events, we are of opinion that the fact of the alleged special charter in this case did not make the petition good.

Judgment affirmed.

*Affirmed.*

Delivered October 26, 1895.