## J. B. BLANKENSHIP V. CITY OF SHERMAN.

Delivered November 14, 1903.

**1.—Municipal Corporations—Fire Department—Personal Injury—Liability of City.**

A municipal corporation is not liable for the negligence of firemen causing personal injury to a third person, even though the firemen are engaged at the time in the line of their duty.

**2.—Same—City Charter—Fire Parade.**

The charter of a city provided for a fire department, and that the city council should "have control thereof," and that "said department shall at all times be subject to such regulations as the council may ordain." A firemen's convention was about to be held in the city, and the city council passed an ordinance directing the fire department to take part in the parade, and making an appropriation for the expenses of its doing so. in order, so plaintiff alleged, to promote the trade and commerce of the city. During the parade plaintiff was injured through the negligence of a fireman in driving his engine rapidly into a crowd. Held, that the council had no authority to pass such ordinance, and the city was not liable for plaintiff's injury.

Appeal from the District Court of Grayson. Tried below before Hon. Rice Maxey.

*Vowell & Caruthers,* for appellant.

*Wilkins, Vinson & Moore,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by J. B. Blankenship against the city of Sherman to recover damages for personal injuries alleged to have been sustained by him in being run over by one of defendant's hose carts. The defendant interposed a general and special demurrer to the petition which were by the trial court sustained, and from a judgment dismissing the cause plaintiff appealed.

Error is assigned to the action of the court in sustaining defendant's general demurrer and dismissing the case.

The petition alleges: "That said charter gives said city the right to pass ordinances and do acts not contrary to the laws and Constitution of said State to promote the trade and commerce of said city. That on or about the —— day of June, 1901, the council of said city passed an ordinance appropriating money and otherwise assisting in a fireman's convention to be held in said city, and ordered and directed the horses, carts and fire engines belonging to the fire department of said city to take part in the parades and exhibitions during said convention. That said convention was for the purpose of promoting the trade and commerce of said city, and was intended for the private advantages and benefits of said city. Said city council, and the proper officers thereof, knew and expected that the horses attached to the various vehicles belonging to said fire department would be driven through the public streets of said city during said convention. Plaintiff alleges that during said convention one of the agents and employes of defendant carelessly and negligently ran a team of horses attached to a hose cart at a

great rate of speed into a large crowd of people on the public square of that city. That without warning, or giving any signal, said agent and employe rapidly drove said team upon plaintiff and knocked him down, and said cart ran over his body, bruising and lacerating plaintiff's body and limbs, and crushing the bones of one of his legs so that it became necessary to amputate said leg just below the knee."

If the act of the city council in ordering the fire department of the city of Sherman to take part in the parade was without authority on the part of the city, then the plaintiff can not recover. Thayer v. City of Boston, 19 Pick., 511; Smith v. City of Rochester, 76 N. Y., 506; Finley v. City of Salem, 5 Am. Rep., 289.

The appellant insists that the city council had the power to order the fire department to parade; that the same was for the purpose of advertising the city and to promote its trade and commerce; in other words, that the parade was for the private benefit of the city. It is contended that the power to order the parade is conferred by certain sections of the charter conferring general powers upon the city; and, again, by section 133, relating to the subject of "Fire Department." The charter is filed with the record, and section 182 provides that, "This act shall be termed a public law, and judicial knowledge of same shall be taken in all courts and places."

The general provisions of the charter referred to are followed by particular provisions, specifically setting forth the powers conferred. In such a case the general powers are limited and restricted by the particular provisions. Potter's Dwarris on Stats., pp. 272, 273. The authority is not conferred in any of the general provisions pointed out by appellant.

Section 133 of the charter conferring specific power on the city council in reference to the fire department reads: "The city council shall procure fire engines and other apparatus for the extinguishment of fires, and have control thereof; shall have a fire department, and provide engine houses for keeping and preserving the same; and shall have power to organize fire, hook and ladder, hose and ax companies and fire brigades; and the companies so organized, with such assistant engineers as may be provided for and the chief engineer, shall constitute the fire department of the city. * * * Said department shall at all times be subject to such regulations as the council may ordain."

The words, "and have control thereof," mentioned in the first part of this section, mean that the council shall have control thereof in the matter of extinguishment of fires. This was the purpose for which the department was organized.

The clause, "and said department shall at all times be subject to such regulations as the council may ordain," means regulations ordained in promoting the efficiency of the department with reference to its duty in extinguishment of fires and preservation of property. Before the city council would be authorized to order the fire department to take part in a parade, it should appear that express authority was conferred by the

charter in this respect. Such authority is not contained in the charter of the city of Sherman.

But if we were to concede that the council had authority under the general provisions of the charter to order the fire department to take part in the parade, to promote trade and commerce and to advertise the city, the plaintiff would still be precluded from recovery, for it is well settled that a municipal corporation is not liable for the negligence of firemen while engaged in the line of their duty. Dillon on Mun. Corp., 4 ed., sec. 976; Shenewerk v. City of Fort Worth, 11 Texas Civ. App., 71, 32 S. W. Rep., 618; Smith v. City of Rochester, supra.

We conclude that the petition fails to state a case against the city, and that the trial court did not err in sustaining defendant's general demurrer and dismissing the cause.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.