Dan Efird v. The State.

No. 2711.    Decided April 20, 1904.

**Local Option—Voting Precinct.**

Where an election for local option was held in an election precinct under the Act of 1893, being an amendment to then article 3227, and now article 3384, Revised Civil Statutes of 1895, prior to its amendment by the Twenty-fifth Legislature, 1897, it was held that the same is void under the Constitution, which did not contemplate election precincts as subdivisions of a county in which local option elections could be held.

Appeal from the County Court of Collin.    Tried below before Hon. F. E. Wilcox.

Appeal from a conviction for a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*A. S. Dickinson,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail; hence this appeal.

The indictment charges appellant with a violation of the local option law in voting precinct No. 26 of Collin County, setting out the same by metes and bounds. The election in said election precinct was held under the Acts of 1893 (p. 48), being an amendment to then article 3227, and now article 3384, Revised Civil Statutes of 1895, prior to its amendment by the Twenty-fifth Legislature, 1897. That act authorizes the commissioners court of any county in the State to order an election in any county or justice precinct or such subdivision of a county as may be designated by the commissioners court of said county, or any town or city therein. The question here presented is, was it competent for the commissioners court to order a local option election for an election precinct under the general authority given to order such election for any such subdivision of a county as they may designate, etc.? This involves the question whether or not election precincts come within the definition of subdivisions of a county as may be designated by the commissioners court of said county, under article 16, section 20, of the Constitution. In Oxford v. Frank, 70 S. W. Rep., 426, it was held that the above section of the Constitution was not self-enacting, but it merely gave authority to the Legislature to formulate legislation in accordance with its provisions. In ex parte Heyman, 78 S. W. Rep., 349, it was held directly that the Legislature could not bunch or combine justice's precincts in a county; and incidentally it was announced that the word "subdivision" as used in the Constitution meant some

known political subdivision of a county, and was restrictive of the power of the Legislature to create or carve out other subdivisions for local option purposes. It was further held that "such subdivision of the county as may be designated by the commissioners" court meant subdivision of like character—political subdivisions of a county. Id., p. 353. Election precincts are provided for by articles 1705 and 1706, Revised Civil Statutes, 1895. Article 1705, in substance, provides that the commissioners court of each county at their first regular term in each year, if they deem it necessary, may divide their respective justice precincts into as many election precincts as they may deem expedient, which shall be numbered, and no two shall be designated by the same number; and no election precinct shall be formed out of any two or more justice precincts; and they shall designate one place in each of said election precincts in which elections shall be held. Article 1706 provides, in each incorporated city, town or village, each ward shall constitute an election precinct, provided that the commissioners court of the several counties may, and it shall be their duty to divide any ward of any city or town into as many election precincts as they may deem proper; provided further, that towns and villages incorporated in accordance with chapter 11, title 18, shall not necessarily constitute a separate election precinct, except in elections pertaining solely to said towns and villages. So, it will be seen that the provisions of the statute in regard to these election precincts do not regard them at all of a permanent character. On the contrary, they are subject to annual changes. Furthermore, they are not political subdivisions of a county in the sense that they constitute any part of the government of the county, or are subdivisions in which local officers are elected, for local or county purposes. Accordingly we hold that they are not political subdivisions of a county, such as justice precincts and towns and cities named in the Constitution, and consequently are not of like character with such named subdivisions, and that the Constitution on the subject of local option did not contemplate these as subdivisions of the county in which local option elections could be held. Therefore we hold that the election in said election precinct was not authorized by the Constitution and was without authority of law and was void. The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

BROOKS, JUDGE.—I concur in the conclusion.