## PEARCE v. HALLUM et ux.

### No. 10637.

Court of Civil Appeals of Texas. Dallas. June 18, 1930.

Rehearing Denied July 19, 1930.

Touchstone, Wight, Gormley & Price and Robert Holland, all of Dallas, for appellant.

Alex Pope and H. B. Sanders, both of Dallas, for appellees.

LOONEY, J.

V. F. Hallum and wife sued J. Eugene Pearce to recover actual damages on account of injuries causing the death of their 6 year old son, Vasco F. Hallum, Jr. The facts that gave rise to the lawsuit are substantially these: During the forenoon of December 14, 1926, Mrs. Hallum carried her son to the home of defendant, on invitation of his wife, and left him there, while she and Mrs. Pearce went on a Christmas shopping tour in the business district of the city of Dallas. Defendant, being at home for lunch, planned an automobile ride for his mother, an inmate of his home, and directed his chauffeur where to drive. The auto party, consisting of defendant's mother, the little boy, the chauffeur, and a Mrs. McGarrah, the elder Mrs. Pearce's nurse, was traveling west on East Side avenue and at its intersection with Peak street the automobile collided with a fire truck being driven by L. G. Johnson, an employee of the city, at the time in line of duty, and both the automobile and truck were overturned, injur-

ing and killing the little boy. The suit was brought under the death statute, based on the alleged negligence of defendant's chauffeur.

The court submitted the cause to a jury on special issues, and, as these were answered in favor of plaintiffs, judgment was rendered in their favor for $1,100.

Defendant pleaded in bar, among other defensive matters, that the city of Dallas was a joint tort-feasor, that on March 7, 1927, in consideration of $465.50, plaintiffs released the city from any and all liability for damages on account of the death of their son, and that, by reason of this release, defendant was also released, in that the settlement with the city inured to his benefit.

In a supplemental petition, plaintiffs denied that the city was in fact a joint tort-feasor, and asserted further that it was not their intention, in receiving the amount paid by the city, to release or discharge defendant from liability.

During the progress of the trial, and after making requisite proof as to its execution, defendant offered in evidence, in support of his plea in bar, the following document:

"The State of Texas, County of Dallas.

"Whereas, heretofore on or about the 14th day of December, 1926, V. F. Hallum, Jr., minor son of Mr. and Mrs. V. F. Hallum, of the City and County of Dallas, Texas, was fatally injured as the result of a collision between an automobile in which he was a passenger, and one of the City fire trucks; and

"Whereas, the City of Dallas is desirous of defraying the funeral expenses incurred by Mr. and Mrs. Hallum as a result of said accident; and

"Whereas, the said Mr. and Mrs. V. F. Hallum have agreed, in consideration of the same, fully to release the City of Dallas from any and all liability in connection with said accident,

"Now, therefore, know all men by these presents:

"That we, V. F. Hallum and wife, Mrs. V. F. Hallum, of the City and County of Dallas, State of Texas, for and in consideration of the payment to us of the sum of $465.50 cash, by the City of Dallas, a municipal corporation, receipt of which is hereby acknowledged and confessed, do hereby fully release and discharge, and save whole and harmless the said City of Dallas, a municipal corporation of the County of Dallas, State of Texas, from any and all liability to us and each of us for damages accruing as a result of the accident hereinabove referred to wherein our son, V. F. Hallum, Jr., was injured on or about the 14th day of December 1926, and in consideration of the foregoing, we and each of us do hereby fully release the City of Dallas from any and all liability to us, and each of us, for damages

in connection with, or accruing from the said accident, whether said damages and injuries have fully developed at this time or not.

Witness our hands this the 9th day of March, A. D. 1927.

"[Signed] V. F. Hàllum.
"[Signed] Mrs. V. F. Hallum."

In this connection, defendant also offered in evidence a voucher dated March 7, 1927, issued by the city in the sum of $465.50, payable to plaintiff, V. F. Hallum, and receipted by him.

The admission of these documents was objected to by plaintiffs, and they were excluded by the court, as immaterial and irrelevant. Defendant excepted, assigned error, and urges the propositions that the injury occasioned plaintiffs by the death of their son was single and indivisible, that the damages resulting therefrom were not apportionable, and that the settlement made by plaintiff with the city, as shown by the instruments offered in evidence, inured to the benefit of and discharged defendant.

The general rule sustained by authorities is that, where the negligence of two or more produces liability for a single indivisible injury, damages recoverable therefor are not apportionable between the parties liable, and that, where settlement in full for said injury is made by the aggrieved party with one of the parties liable, the same inures to the benefit of all responsible for the injury, whether the party with whom the settlement was made could have been legally held liable in a suit or not. 1 Cooley on Torts (3d Ed.) pp. 235, 236; Hawber v. Raley, 92 Cal. 701, 268 P. 943; Cormier v. Worcester, etc., Co., 234 Mass. 193, 125 N. E. 549, 550; State v. Maryland, etc., Co., 126 Md. 300, 95 A. 43, 44, L. R. A. 1917A, 270; Carpenter v. McElwain Co., 78 N. H. 118, 97 A. 560; Hunt v. Ziegler (Tex. Civ. App.) 271 S. W. 936, 938.

The underlying reason for this doctrine was aptly stated by Judge Smith in Hunt v. Ziegler, supra, in the following language: "The rule is applied to joint tort-feasors because of the fundamental fact that there is but a single injury, in itself and of itself indivisible and constituting an indivisible cause of action, for which both in law and good conscience there can be but one satisfaction; and when that satisfaction is made by one of the joint tort-feasors, or by any person (Lovejoy v. Murray, 3 Wall. 1, 18 L. Ed. 129), it has the effect of releasing all others who may be jointly, or jointly and severally liable."

Plaintiffs do not question the correctness of this doctrine, but insist that the city was not in fact liable as a joint tort-feasor, or in any sense, and further that at law it could not have been so held, because the driver of the fire truck was at the time in line of duty serving the public; therefore the city was immune from liability for his conduct on the occasion.

Plaintiffs cite in support of this contention the following cases from our appellate courts: City of Corsicana v. White, 57 Tex. 382; Conway v. City of Beaumont, 61 Tex. 10; City of Galveston v. Posnainsky, 62 Tex. 118, 50 Am. Rep. 517; Givens v. City of Paris, 5 Tex. Civ. App. 705, 24 S. W. 974; Shanewerk v. City of Fort Worth, 11 Tex. Civ. App. 271, 32 S. W. 918; Blankenship v. City of Sherman, 33 Tex. Civ. App. 507, 76 S. W. 805.

It is true that the courts, in deciding the cases referred to above, applied the doctrine stated by plaintiff, but a complete answer to the contention that, the case at bar is to be ruled by that doctrine is that those cases were decided before the death statute was amended in 1921, and as amended authorizes suits against municipal corporations for actual damages on account of injuries causing death.

Omitting provisions not material here, the relevant provisions of this statute (Rev. St. 1925) are these: "Art. 4671 [4694] [3017] [2899]. * * * An action for actual damages on account of the injuries causing the death of any person may be brought in the following cases: 1. When an injury causing the death of any person is caused by the wrongful act, neglect, carelessness, unskilfulness, or default of another person, association of persons, joint stock company, corporation or trustee or receiver of any person, corporation, joint stock company, or association of persons, his, its or their agents or servants, such persons, association of persons, joint stock company, corporation, trustee or receiver, shall be liable in damages for the injuries causing such death. The term 'corporation,' as used in this article, shall include all municipal corporations, as well as all private and public and quasi public corporations, except counties and common and independent school districts. * * *"

■ This statute needs no construction, and, in view of its plain, unambiguous provisions, we hold that municipal corporations may be sued and held liable for actual damages on account of injuries causing death occasioned by the wrongful act, negligence, carelessness, unskillfulness, or default of its agents or servants, just as is provided therein for the liability of persons and other corporations.

■ Recurring to the question presented, we are of opinion that the court committed reversible error in excluding the documents offered in evidence by defendant. They certainly evidence a settlement made between plaintiff and the city, and whether it was a settlement in full for the actual damages resulting to plaintiffs on account of the death of their son, or simply a partial settlement, was a question of fact to be determined from all the facts and circumstances. If the settlement was in full satisfaction of the entire damages, then, under the group of authorities

first cited, it would follow that the same inured to the benefit of defendant, but, if only a partial settlement, plaintiffs would be entitled to recover, if liability is found, the full amount of their actual damages, less the sum paid, by the city in partial satisfaction. The intention of the parties, that is to say, the truth should control, and this may be shown by parol evidence in explanation of the writings that were executed. This doctrine was announced by the San Antonio court in El Paso, etc., Co. v. Darr (Tex. Civ. App.) 93 S. W. 170 (writ refused); in fact, the rule that excludes parol or extrinsic evidence to vary or contradict a written instrument has no application to controversies, except those between the parties to instruments, and their privies, 22 C. J. 1292, § 1725.

The law looks with favor on compromises, and, if it be true that an aggrieved party dare not accept partial reparation for an injury from one jointly liable to him, without releasing others equally liable, this sound policy of the law would be defeated. The reductio ad absurdum of such view was forcibly presented by Judge Eidson in Robertson v. Trammell, 37 Tex. Civ. App. 53, 83 S. W. 258, 264, in the following language:

"The collection of part satisfaction from one tort feasor is a benefit to the others. Under the law there is no right of contribution existing between tort feasors. The law does not look with favor upon wrongdoers, and they are unlike obligors in an ordinary contract, where the right of contribution is given. The law ought not to be that the release of one tort feasor by his making a partial satisfaction for the wrong done should operate as a release of the other wrongdoers. The law looks with favor upon compromises and settlements. It is not the intention of the law to force people into litigation and prevent settlements out of court. To uphold the rule contended for by appellant, such a result would follow. If ten persons commit a joint tort, and injure a person to the extent of $1,000, and if nine of them recognize that fact, and were willing to pay $100 each for the purpose of remunerating the injured party and to avoid the expense and annoyance of litigation, and the tenth man refused to pay his $100, according to appellant the injured party could not accept the $900 in part satisfaction and sue the stubborn tenth man. He would plead the settlement as a satisfaction and a bar. Such a construction of the law would be unreasonable and unjust. All that such a person should be allowed to take advantage of would be to require that in any judgment that should be rendered against him it should be rendered for one satisfaction of the claim for damages less any sums that might have been paid by the joint tort feasors as a partial satisfaction."

The language employed in the release executed by plaintiffs to the city indicates that only a settlement in part was made. It recites that, "Whereas the City is desirous of defraying the funeral expenses incurred by Mr. and Mrs. Hallum as a result of said accident, and whereas the said Mr. and Mrs. V. F. Hallum have agreed in consideration of same, fully to release the City of Dallas from any and all liability in connection with said accident," etc. Plaintiffs were entitled, in addition to reimbursement for funeral expenses, to recover the probable value of the services of their son during his minority, as well as the value of probable contributions from him to them after his majority.

Whatever the status of the law on this subject may be in other jurisdictions, we believe the rule is definitely settled in this state that, where an aggrieved party makes a settlement with one jointly liable for an injury, it is always an open question whether the same was intended to be in full or only partial, and, if in full, all joint tort-feasors would be discharged thereby, because there can be but one satisfaction for an injury, but if only a partial settlement was intended, the amount of damages found to have resulted from the injury should be credited with the prior amounts paid in partial settlement. See Robertson v. Trammell, 37 Tex. Civ. App. 53, 83 S. W. 258, 266; El Paso, etc., Co. v. Darr (Tex. Civ. App.) 93 S. W. 166, 171.

The case will be reversed and remanded, because, in our opinion, the court erred in excluding the evidence above mentioned. On retrial, liability being established, the issue of whether the amount paid plaintiffs by the city was in full or only in part satisfaction of the entire damages resulting from the death of their son, should be determined, and, if it is ascertained that a full settlement was made, judgment should be rendered for defendants, but, if only partial, the amount of damages that may be ascertained to have been occasioned to plaintiffs should be credited with the amount paid by the city.

Reversed and remanded.