## HOOPER v. CITY OF CHILDRESS.

### No. 3537.

Court of Civil Appeals of Texas. Amarillo.
Jan. 21, 1931.

R. H. Cocke, of Wellington, and E. E. Diggs, of Childress, for appellant.

Williams & Bell and J. C. Davidson, all of Childress, for appellee.

RANDOLPH, J.

This suit was brought by appellant against the city of Childress to recover damages for

the death of appellant's son, caused by a collision of a fire truck driven by one Jones with a truck driven by her son.

The trial court, on hearing the case instructed the jury to return a verdict for the defendant, city of Childress, and on such verdict rendered judgment that plaintiff take nothing by her suit against the defendant, and from this judgment the plaintiff prosecutes this appeal.

The plaintiff's petition alleges substantially that on the 18th day of February, 1930, the city of Childress, acting by and through its agents and employee, caused the automobile or motor vehicle belonging to said city to be driven along one of the principal thoroughfares of the city, and, without cause, reason, or necessity therefor, said employee was driving said automobile truck or motor vehicle owned by and belonging to defendant city at a terrific, unlawful, and unwarranted rate of speed and a rate of speed greatly in excess of that allowed and provided by law and the ordinances of defendant city; by reason of which, in approaching a crossing of two streets, said automobile truck was driven with great violence into and against the automobile truck in which the said Monroe Hooper was riding, at a point nearly across the street along which said motortruck belonging to the city was being driven, so that said Monroe Hooper was thrown violently out of the motortruck in which he was riding upon the pavement of the street, which caused his death.

The defendant city answered by general denial and by special answer that the driver of said autotruck owned by the city, to wit, R. C. Jones, was a fireman, employed in the fire department of the city, and hence engaged in governmental functions as such employee, by reason of which defendant city would not be liable for any act of negligence of said fireman in driving its fire truck along the streets of the city.

The plaintiff filed her supplemental petition by way of replication to said special answer, and alleged that, if the driver of the fire truck was an employee of the fire department of the city, such an employee was not a part of its governmental functions, and in truth and in fact his duty as a fireman was only a part of the duties he was employed in discharging, and that he was otherwise employed for services outside of defendant's governmental functions, and that he was engaged in such other duties or no duties when driving the automobile truck when it collided with the truck in which Monroe Hooper was riding, thereby causing his death. Plaintiff further alleged in her supplemental petition that said R. C. Jones was permitted at all times for a year or more before this catastrophe occurred to drive said auto truck about the city for his own pleasure and convenience,

and as an employee for the defendant, and without being on any duty as a fireman in driving same, and was a reckless, careless, and negligent driver at such times and at all times, and would drive said autotruck at a furious, dangerous, and reckless rate of speed along the streets and most congested traffic portions of the city and in a very careless manner, to the terror of the persons and people using said streets, and on several occasions thereby causing accidents to the autotruck and endangering the lives of other people, all of which was well known to the city officials and its employees having the direction and control of said R. C. Jones as an employee; and, notwithstanding they knew of, and should have known of, his reckless, careless, and negligent manner of using said autotruck, outside of the times and places when he was called to drive it as a fireman, the said city and its officials and superiors of said R. C. Jones continued said Jones in such employment, and has continued same since said catastrophe by which Monroe Hooper lost his life, by reason of all of which defendant city has become liable to plaintiff, and should be required to pay her for same.

The questions submitted to this court can be decided by the consideration of two propositions: First, was Jones, as fire truck driver, engaged in performing a governmental function? Second, was the city liable for his negligence by reason of its officers knowing that Jones was a careless, negligent, and reckless driver—the negligence of such driver being the cause of the death of Monroe Hooper? These two questions will be decided under the authorities below cited and quoted.

It will be found from Jones' testimony that he had no other duties to perform than that of fireman and driver of the fire truck.

Jones being employed as a driver of the fire truck, and having no other duties to perform, he was, as such member of the city fire department, performing a governmental function, and the doctrine of respondeat superior does not apply. Consequently, the city of Childress, a municipal corporation, was not liable in damages for his negligence occasioning the death of Monroe Hooper.

"The officers of the fire department, and the like of a city, whether operating under general law or by special charter, are not the agents or servants of the corporation appointing them, but of the general public, and, therefore, that the doctrine of respondeat superior does not apply to their conduct. It follows, then, that the city would not be liable, though its council may have knowingly selected an incompetent driver. Rusher v. City of Dallas, 83 Tex. 151, 18 S. W. 333." Shanewerk v. City of Ft. Worth, 11 Tex. Civ. App. 271, 32 S. W. 918.

In the case of Blankenship v. City of Sherman, 33 Tex. Civ. App. 507, 76 S. W. 805, 806,

writ denied, where the driver of a horse truck was charged with negligent injury of the plaintiff while the fire department was engaged and participating in a parade, the Dallas court held:

"Before the city council would be authorized to order the fire department to take part in a parade, it should appear that express authority was conferred by the charter in this respect. Such authority is not contained in the charter of the city of Sherman. But if we were to concede' that the council had authority, under the general provisions of the charter, to order the fire department to take part in the parade to promote trade and commerce and to advertise the city, the plaintiff would still be precluded from recovery, for it is well settled that a municipal corporation is not liable for the negligence of firemen while engaged in the line of their duty."

Therefore, while driving down the streets of Childress, if the driver of the fire truck was not engaged in the performance of his duties, then his conduct was without authority from the city, and the city would not be liable. If he was engaged in the performance of a duty, the city would not be liable, for he was performing a governmental function.

The Waco Court of Civil Appeals in the case of Barnes v. City of Waco, 262 S. W. 1081, holds as follows:

"Municipal corporations are invested with two kinds of special powers and charged with two kinds of duties. The one kind is private, that is to say, merely municipal and for special local purposes and benefits. The other is of a political or governmental character for the general public welfare. The maintenance of a fire department is in the nature of a general public duty as contradistinguished from those duties purely municipal and local, and the employees thereof are not mere agents or servants of the municipality, but rather officers charged with a public service. While a municipal corporation is acting strictly within its governmental character for the general public welfare, it is not liable for the acts of its employees. In such case the maxim respondeat superior does not apply."— citing many authorities. The Supreme Court also denied a writ of error in that case.

We refer, in addition, to the following cases as supporting the holding of the cases above quoted from: Adkinson v. City of Port Arthur (Tex. Civ. App.) 293 S. W. 191, writ denied; Rusher v. City of Dallas, 83 Tex. 151, 18 S.W. 333; Harrison v. Columbus, 44 Tex. 420; 43 C. J. 967, § 1746; Id. 823, § 1445.

Under the allegations of the plaintiff's pleadings and the evidence introduced and tendered, we hold that the trial court did not err in instructing a verdict for the defendant.

Judgment affirmed.