### CONNALLY v. CITY OF WACO.
### No. 1271.

Court of Civil Appeals of Texas. Waco.

Sept. 22, 1932.

Rehearing Denied Oct. 20, 1932.

Jos. W. Hale and Ed Burleson, both of Waco, for appellant.

John McGlasson and Geo. Morrow, both of Waco, for appellee.

BARCUS, J.

Appellant instituted this suit against appellee to recover damages occasioned by the death of her husband. She alleged that he was killed in a collision between an automobile driven by him and a fire truck driven by one of the firemen of the city of Waco while said fire truck was on its way to put out a grass fire; that the fire truck was going west on Colcord and her husband was driving north on Twenty-Fifth street; that there was a boulevard stop sign where Colcord street intersected Twenty-Fifth street, but there was no boulevard stop sign on Twenty-Fifth street where it intersected Colcord street. She alleged that her husband was driving at a careful, ordinary rate of speed, and that the collision was not caused by any act of negligence on his part. She alleged that the fireman driving the fire truck was guilty of gross negligence in a number of respects, naming them; that the fire chief in charge of the firemen in the city of Waco was guilty of gross negligence, in that he had instructed all firemen in going to fires to drive as fast as they could. She alleged that there was growing on private property adjacent to Twenty-Fifth and Colcord streets a hedge which prevented her husband from seeing the firemen or the firemen from seeing her husband as they approached the intersection of said streets. She did not allege that the city had any control over the property on which the hedge was growing. She alleged that the city of Waco and its officers and employees were guilty of acts of gross negligence in instructing and directing the firemen in charge of the fire trucks to drive at a high rate of speed when going to fires and in boulevarding Colcord street where it intersected Twenty-Fifth street and failing to boulevard Twenty-Fifth street where it intersected Colcord, and in failing to require the owner of the property on which the hedge was growing to remove same, and in permitting the firemen in charge of the truck to drive at such a high, dangerous, and reckless rate of speed.

The trial court sustained a general demurrer to appellant's petition, and, she declining to amend, the court dismissed the suit. The sole question therefore for determination is whether in any event the city of Waco is liable for damages which was occasioned by the collision between the fire truck while being driven by one of its firemen going to the fire and the car driven by Mr. Connally. Regardless of the holding of the courts in some other jurisdictions, the courts in this state have uniformly held that a municipality, in the maintenance of its fire department, is acting strictly within its governmental function for the general public welfare, and is not liable for the acts of its employees. Barnes v. City of Waco (Tex. Civ. App.) 262 S. W. 1081 (error refused); Adkinson v. City of Port Arthur (Tex. Civ. App.) 293 S. W. 191 (error refused); Hooper v. City of Childress (Tex. Civ. App.) 34 S.W.(2d) 907. Nothing can be added to what is said by our courts in the authorities cited.

Since appellant alleges that the injury which caused her husband's death was occasioned by a collision between his car and a fire truck operated by one of the firemen of appellee while the fireman was going to a fire, appellee is not liable for the injury occasioned thereby, and the trial court properly sustained a general demurrer to her petition.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

Appellant in her motion for rehearing insists that this court, in affirming the case at bar, is in direct conflict with the holding of the Court of Civil Appeals at Dallas in the case of Pearce v. Hallum, 30 S.W.(2d) 399, in which case the Supreme Court refused a writ of error. We were not unmindful of that case at the time we wrote the original opinion. If Judge Looney, who wrote the opinion in the Pearce v. Hallum Case, intended to hold that a municipal corporation is liable for the death of a person caused by its servants, agents, or employees while engaged in strictly governmental functions, then we are of the opinion that said holding is in direct conflict with the case of Barnes v. City of Waco, 262 S. W. 1081 (error refused) by this court, and Adkinson v. City of Port Arthur (Tex. Civ. App.) 293 S. W. 191 (error refused) by the court at Beaumont, and Hooper v. City of Childress (Tex. Civ. App.) 34 S.W.(2d) 907, by the court at Amarillo. Judge Looney in the Pearce v. Hallum Case did not refer to the provisions of article 4672 which specifically states that article 4671 does not apply unless the deceased, if he had lived, would have had a cause of action which he could have maintained for the injury. When articles 4671 and 4672 of the Revised Statutes are construed together, we think it was the clear intention of the Legislature not to make municipal corporations liable for the acts of its employees when engaged in strictly governmental functions. Said articles were readopted in 1925 after the opinion was rendered in the case of Barnes v. City of Waco, supra, and, under the well-recognized rule of construction, the Legislature must have intended said statutes to be construed as they were in said case. Said statutes as re-enacted in 1925 are in practically the same language as they were under the amendment of 1921.

We have carefully examined appellant's motion for rehearing, and same is overruled.