JOHNSEN *v.* BAUGHER ET AL.

No. 12,739.

JOHNSEN *v.* RUSSEL.

No. 12,752.

BAUGHER ET AL. *v.* CITY AND COUNTY OF DENVER ET AL.

No. 12,753.

RUSSEL *v.* CITY AND COUNTY OF DENVER ET AL.
(22 P. [2d] 855)

Decided May 29, 1933.

Mr. Thomas H. Gibson, Mr. Boswell F. Reed, Mr. James A. Marsh, Mr. Benjamin E. Sweet, Mr. Karl C. Brauns, Mr. James D. Parriott, for plaintiff in error in cases numbered 12,738 and 12,739.

Mr. Foster Cline, Mr. George A. Trout, for defendants in error.

Mr. Foster Cline, Mr. George A. Trout, for plaintiffs in error in cases numbered 12,752 and 12,753.

Mr. James D. Parriott, Mr. Fred P. Cranston, Mr. Karl C. Brauns, for defendant in error City and County of Denver.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

In July, 1928, at the intersection of East Warren avenue and South High street in the city of Denver, a collision occurred between a Ford roadster, property of the City and County of Denver, which at the time was being driven by John C. Johnsen, a Denver police officer, and a Chrysler coach, of which Frank Russel was the driver. The Ford car was being driven north on South High street and the Chrysler car west on East Warren avenue. The collision resulted in the overturning of the Chrysler car and the infliction of serious injuries upon Pauline Baugher, the daughter of L. V. Baugher, while

Pauline was riding with Frank Russel, the driver of the Chrysler car and two other passengers.

Two separate actions were instituted in the district court against officer Johnsen and the City and County of Denver. In the first action Baugher, for himself and as next friend of his daughter Pauline, a minor, sought judgment for the personal injuries to Pauline and for incidental damages. In the second action Ellen Russel asked for judgment for damages to her Chrysler car. These two actions, by consent of the parties, were consolidated for trial which resulted in a judgment in the second action in favor of the plaintiff Ellen F. Russel and against the defendant Johnsen in the sum of $400 and costs. The judgment in the first action, based upon injury to the person of Pauline, resulted in a verdict and judgment for the plaintiff for $10,245 and costs against defendant Johnsen. The writs of error in two of these suits are being prosecuted by officer Johnsen against whom the judgments passed. In the remaining two suits separate writs of error are being prosecuted; one by L. V. Baugher for himself and as next friend of Pauline Baugher, a minor; the other and separate writ of error is being prosecuted by Ellen F. Russel, the object of which is to review the adverse decision of the trial court which denied any relief as against the City and County of Denver, one of the defendants.

In view of the consolidation of the two original cases in the trial court it was stipulated by the parties, and approved by this court, that only one abstract of record be prepared so as to apply to all four suits, and that the briefs might likewise be consolidated so as to apply to the four cases. As preliminary to the discussion we observe that this consolidation, below and here, may have been in the interests of economy, but it has tended, more or less, to confusion both on the part of counsel in the preparation of their respective briefs, and we are inclined to believe that it resulted in more or less uncertainty in the district court as it has in this court. How-

ever that may be, we proceed to dispose of what are in reality four separate cases in one opinion, particularly in view of the fact that our conclusion on the merits of the controversy requires a reversal because of prejudicial error on the part of the trial court in one of its instructions to the jury.

As a preliminary statement we deem it pertinent to say that an unusual situation is presented by this record. A police officer, acting under the instructions of his superior, and in the line of his official duty, has had visited upon him by verdict of the jury a judgment in excess of $10,000, while the city itself, for whom and under whose directions at the time he was acting, has escaped liability. The court at the conclusion of the evidence, apparently to the surprise of counsel, announced that a judgment of dismissal would be entered, and it was entered, in favor of the city upon the ground that a municipality may not be held liable for acts of its servants or employees, committed while engaged, as here, in the exercise of a governmental or public function, which the court held was the relation sustained by the defendant city to this controversy.

We shall not discuss all of the numerous questions which have been argued by able counsel, because, in our view, the trial court committed error prejudicial to the defendant in one of its instructions to the jury, and in refusing to admit in evidence ordinances of the city of Denver as to the right of way, in the use of the streets and public places within the City and County of Denver, of apparatus of the fire department and police patrol wagons, police automobiles and police motorcycles while being used by members of the police department in official city business, or when discharging proper police errands. Two separate ordinances of the City and County of Denver, concerning right of way at street intersections, were in force at the time of this unfortunate collision. They were offered in evidence by plaintiff in error but the court refused to admit them, or any part

of them. These are the ordinances: "Municipal Code of the City and County of Denver, State of Colorado, 1927. Section 1545." So far as pertinent here, it reads: "The right of way of the streets, avenues, lanes, alleys and other public places of the City and County of Denver is hereby given to the police patrol wagons, ambulances, and each and every of the vehicles and apparatus of the police department of the City and County of Denver, and the officers in charge thereof, in all cases when in the line of duty; and it shall be and is hereby made the imperative duty of all persons occupying the streets, avenues, * * * or other public places within the * * * City * * * to yield the right of way on any such street, avenue, alley or other public place to the requirements of such patrol wagon or other vehicle or apparatus of said police department, or the officers in charge or having control thereof * * *."

Section 1948 of the Municipal Code reads: "Right of way of certain vehicles. The following vehicles, in the order named, shall have the right of way in use of all streets and public places within the City and County of Denver, viz.: Apparatus of the fire department, police patrol wagons, police automobiles and police motorcycles on official city business or when discharging proper police errands; * * *."

█ The Ford roadster, which officer Johnsen was driving, was a vehicle or apparatus of the police department of Denver. It belonged to the city. It was in charge of an officer of the city who was at the time acting in the line of his duty under order of his superior. The roadster, at the time was being driven by defendant Johnsen who was in police uniform. Having refused to admit these ordinances, the trial court, when the time arrived for charging the jury, told it, in one of its instructions that, at the time of the collision in question, the car in which Miss Baugher was being driven, had the right of way at the street intersection in question. This was wrong, and prejudicial error to the defendant was com-

mitted. The Johnsen car had the right of way only if the facts were such as to put defendants in error upon notice of its official character and the facts were for the jury.

In event of a new trial, doubtless the issue as to the liability of the City of Denver will again be raised. We, therefore, say that the city was at the time of the collision acting in its public or governmental capacity and is not liable in damages for the alleged injury to any of the plaintiffs in this action. Our reading of the authorities discloses that only in the state of Florida is a municipality deemed liable in damages when it is, as was the case in this action, acting in a governmental or public capacity in directing its policemen to use its cars in the performance of a governmental or public duty. The following, among other cases, hold a municipality immune from liability: *Florio v. Jersey City,* 101 N. J. L. 535, 129 Atl. 470, 40 A. L. R. 1353; *Nichitta v. City of New York,* 223 N. Y. App. Div. 428; *Hooper v. City of Childress* (Tex.), 34 S. W. (2d) 907; *Hanson v. Berry,* 54 N. D. 487, 209 N. W. 1002; *Jones v. City of Phoenix,* 29 Ariz. 181, 239 Pac. 1030; *Bogart's Admx. v. City of Newport,* 234 Ky. 410, 28 S. W. (2d) 489; *Combs v. City of Elizabethton,* 161 Tenn. 363, 31 S. W. (2d) 691; *Brown v. Mayor and Council of Wilmington,* 27 Del. 492, 90 Atl. 44; *Jones v. City of Sioux City,* 192 Ia. 99, 182 N. W. 644; *Smyth v. City of New York,* 203 N. Y. 106, 96 N. E. 409; *Blankenship v. City of Sherman,* 33 Tex. Civ. App. 507, 76 S. W. 805; *Aldrich v. Youngstown,* 106 O. St. 342, 140 N. E. 164, 27 A. L. R. 1497.

Judgment reversed and cause remanded. Further proceedings, if any, to be consistent with the views expressed in this opinion.