## KING v. CITY OF SAN ANGELO.
### No. 7924.

Court of Civil Appeals of Texas. Austin.
Nov. 22, 1933.

Rehearing Denied Dec. 13, 1933.

Cox & Hayden, of Abilene, for appellant.
R. G. Hughes, of San Angelo, for appellee.

BLAIR, Justice.

Appellant sued appellee, city of San Angelo, a municipal corporation, for personal injury and damages to his automobile, alleged to have resulted from a collision between his parked automobile, in which he was sitting at the time, and a fire truck being operated by the fireman and employees of appellee, which was alleged to have been going to extinguish a fire outside the city limits and in behalf of Tom Green county, under the following agreement: The city of San Angelo agreed with Tom Green county that, if it would furnish to the city the fire truck in question, which was equipped with a water tank and was suitable to extinguish fires outside the city limits and beyond the city water system connection, the city would furnish its firemen and employees to operate the truck; and that the truck was being operated under this agreement at the time of the accident.

The city was alleged to be negligent in entering into and undertaking the performance of this ultramunicipal duty, and that the city was negligent in undertaking to perform such ultramunicipal duty, in that it knew or should have known that the operation of the truck over the public streets in going to extinguish fires outside the city limits would hazard and endanger the life, limb, and property of its citizens.

It was further alleged that the fireman, who was an employee of the city, driving the truck, was negligent because he was operating the truck at a high and dangerous rate of speed; because he approached the street intersection at or near which the accident occurred without sounding any siren, alarm, or signal; because the truck was being driven on the wrong side of the street; and because the fireman driving the truck permitted it to get out of his control and to run off the street and to collide with appellant's parked car.

The trial court sustained a general demurrer to this petition, and, upon appellant's refusal to amend, dismissed the suit; hence this appeal.

The creation, maintenance, and operation of a fire department by a municipal government is a governmental function and not a municipal function; and the law is well settled that a municipal corporation is not liable for the negligence of its firemen while they are engaged in the line of their duty. Blankenship v. City of Sherman, 33 Tex. Civ. App. 507, 76 S. W. 805; Barnes v. City of Waco (Tex. Civ. App.) 262 S. W. 1081 (writ of error ref.); Adkinson v. City of Port Arthur (Tex. Civ. App.) 293 S. W. 191 (writ of error ref.); Hooper v. City of Childress (Tex. Civ. App.) 34 S.W.(2d) 907; City of Ft. Worth v. Wiggins (Tex. Com. App.) 5 S.W.(2d) 761; Connally v. City of Waco (Tex. Civ. App.) 53 S.W.(2d) 313 (writ of error ref.); City of Wichita Falls v. Robison (Tex. Sup.) 46 S.W.(2d) 965.

Appellant contends, however, that his case is controlled by the rule that a city or municipal corporation is liable for the unlawful acts or torts of its officers if committed in discharging functions or duties for the peculiar advantage of its own inhabitants. It is argued in this connection that the fireman driving the truck was discharging a function at the time of the collision, which was for the peculiar advantage of the inhabitants of appellee city, because under the agreement between the city and Tom Green county the fireman had to answer calls to extinguish fires beyond the city limits in order for the city or its inhabitants to have the advantage or use of the truck in extinguishing fires within the city limits. Although it is stated in appellant's brief that it is not believed the agreement between the county and city was ultra vires of the city's power, the allegations of his petition are to the contrary. The petition alleged that the agreement to answer calls to extinguish fires beyond the city limits was to perform an ultramunicipal duty, which is tantamount to alleging that the agreement was ultra vires of the city's powers. If the city had no authority to answer calls to extinguish fires beyond its city limits, then its acts in doing so would be ultra vires, and the city would not be liable for the torts of its fireman while answering such calls. This question is controlled by the decision in the case of Hooper v. City of Childress (Tex. Civ. App.) 34 S.W.(2d) 907, 909, where the fireman was driving the truck in a parade when the injury complained of occurred, and where it was held as follows: "Therefore, while driving down the streets of Childress, if the driver of the fire truck was not engaged in the performance of his duties, then his conduct was without authority from the city, and the city would not be liable. If he was engaged in the performance of a duty, the city would not be liable, for he was performing a governmental function."

The petition further alleged that, in answering calls to extinguish fires beyond the city limits, the fireman driving the truck was not engaged in the performance of a municipal duty, but was operating the truck at the time of the collision "in behalf of Tom Green County." If the fireman was operating the truck in behalf of Tom Green county, then it is manifest that appellee city would not be liable for his negligence. If the agreement to answer calls to extinguish fires beyond the city limits was ultra vires of the city's power, then the fireman was not engaged in the performance of his governmental duty, and the city is not liable for his negligence while so operating the truck. And if the agreement to answer calls to extinguish fires beyond the city limits in consideration of the use of the truck to extinguish fires within the city limits is not ultra vires

of the city's power, then the fireman was engaged in the performance of his governmental function, and the "city is not liable for injuries inflicted through negligence of officers and employees in exercise of governmental function." City of Wichita Falls v. Robison (Tex. Sup.) 46 S.W.(2d) 965.

The judgment of dismissal is affirmed.

Affirmed.