## PLAINOS et al. v. HOUCHINS.

### No. 10633.

Court of Civil Appeals of Texas. Galveston.

May 25, 1937.

Rehearing Denied June 3, 1937.

Richard Burns, Andrews, Kelley, Kurth & Campbell, and Sidney Benbow, all of Houston, for appellants.

William McCraw, Atty. Gen., and Leon O. Moses, Vernon Coe, Sam Lane, and M. C. Martin, Asst. Attys. Gen., and Spurgeon Bell, Asst. Cr. Dist. Atty., of Houston, for appellee.

PLEASANTS, Chief Justice.

The following sufficient statement of the nature and result of this suit is largely copied from appellants' brief:

"This suit was instituted by O. W. Houchins, appellee herein, District Supervisor for the Board of Liquor Control, and represented by the Attorney General in his official capacity as authorized under the laws of this State, by the appellee filing a sworn petition in the 55th Judicial District Court in and for Harris County, Texas, on the 31st day of March, 1937, wherein the appellee sought a temporary injunction restraining these appellants from selling vinous or malt beverages containing more than one-half of one per cent. alcohol by weight in what was formerly known as Houston Heights, an independent municipality, prior to September 5, 1912, but which is now an integral part of the City of Houston.

"The Court after examining the sworn petition of the appellee, without notice or hearing to appellants, entered its order temporarily enjoining the appellants from selling, possessing, or in any wise distributing vinous or malt beverages containing in excess of one-half of one per cent. of alcohol by weight, pending the further orders of the Court."

On April 16, 1937, appellants filed a motion to dissolve the temporary injunction on the ground that Houston Heights is not situated in what is commonly known as "dry territory," but is in "wet territory," and therefore the possession and sale in said territory of vinous and malt beverages containing alcohol in excess of one-half of one per cent. in weight is not prohibited by law.

This motion was heard on the day it was filed, and was refused by the learned trial judge, and an order overruling the motion was duly entered. Appellants' appeal from this order has been duly prosecuted and presented to this court.

The parties to this appeal present the following agreed statement of the material facts upon which the suit is based:

"It is hereby agreed by and between counsel for plaintiff and defendant that the following matters are true and correct and the same are hereby admitted in evidence in the above cause, to-wit:

"1. John Plainos and Savo Plainos are the owners of the place of business located at 357 W. 19th Street, Houston, Harris County, Texas, together with the stock of beer, merchandise, lease and fixtures therein, as provided by House Bill No. 77, Acts of the Second Called Session of the 44th Legislature of the State of Texas [chapter 467, Vernon's Ann.P.C. arts. 666—1 et seq., 667—1 et seq.] by reason of license No. 5299 issued by the proper authorities of the State of Texas.

"2. That the defendant is engaged in the business of selling vinous and malt beverages containing alcohol in excess of one-half of one per cent by volume.

"3. That defendant is a person legally entitled to such license and has complied with all laws necessary to obtain the same, and as such license was duly issued and delivered to him by the proper authorities of the State of Texas, he is entitled to operate said place of business, unless it is found that such place of business was and is located within what is termed a 'dry area' as defined by the said Texas Liquor Control Act [Vernon's Ann.P.C. art. 666—23] and the Constitution of the State of Texas.

"4. That on September 15, 1912, Houston Heights, where the defendant's place of business is now located, was a separate municipality known as the City of Houston Heights, and as such separate municipality there was held in and for the City of Houston Heights a valid local option election wherein the qualified voters therein adopted local option and determined that the sale of liquor should not be permitted within said territory.

"5. That on February 20, 1918, through a vote of the people of Houston Heights, the independent municipality of Houston Heights was dissolved, and that territory or area was annexed to the City of Houston, and since that time has been an integral part of the City of Houston, and Houston Heights as an independent municipality with a separate form of government has not existed since such time.

"6. That since September 15, 1912, when local option was adopted in the municipality of Houston Heights, there has never been held a local option election in and for the territory which was known as Houston Heights where defendant's place of business is now located, wherein local option was repealed, nor has there been any election held since that time wherein the sale of any vinous or malt beverages in excess of one-half of one per cent. of alcohol by volume has been legalized.

"6a. There has never been a local option election held in and for the City of Houston.

"7. That the territory or area which was formerly an independent municipality and known as Houston Heights is not co-extensive with a justice's precinct, a commissioner's precinct, a city, town, or county.

"8. We further agree that the following is the only question of law involved in this cause:

"Is that territory which was formerly the City of Houston Heights, and now being a part of the City of Houston, Harris County, Texas, a wet or dry area?

"9. See further agreed statement of facts with reference as to admission of the proceedings under which City of Houston Heights was consolidated with City of Houston."

Articles 1188 and 1191, R.S.1925, provide in substance that when two cities in this state, each having a population of over 5,000, are in the same county, and adjoining and contiguous to each other, desire to consolidate into one city under the name and charter of the larger of the two cities, such consolidation may be accomplished by a majority vote in each of such cities, by which the smaller city adopts the charter and name of the larger, and the larger city amends its charter so as to include in its boundaries the territory of the smaller city. Such elections were legally called and held in the city of Houston Heights and in the city of Houston on February 20, 1918. In these elections the evidence shows that the city of Houston Heights by a vote of 732 against 102 favored consolidation with the city of Houston, which city cast a large majority of its votes in favor of such consolidation, and extending its boundaries so as to include the territory of the city of Houston Heights.

The defendant is engaged in the business of selling vinous and malt beverages containing alcohol in excess of one-half of one per cent. by volume. He is a person legally entitled to such license and has complied with all laws necessary to obtain the same, and as such license was duly issued and delivered to him by the proper authorities of the State of Texas, he is entitled to operate said place of business, unless it is found that such· place of business was and is located within what is termed a "dry area," as defined by the Texas Liquor Control Act and the Constitution of the State of Texas.

We have no doubt of the soundness of appellants' contention that upon the agreed and undisputed facts shown by this record, the area at one time known as the city of Houston Heights cannot now be regarded as a "dry" area or territory.

■■■ It is, we think, clear under every rule of law and reason that when this consolidation was accomplished under the Constitution and laws of this state, the legal existence of the city of Houston Heights, as well as the former existing prohibition against. the sale of intoxicating liquors in the area which theretofore comprised the area of·the former city of Houston Heights, became dead and buried, and there is no power. under our present Constitution and laws ."to roll, the stone from that grave away.". , Neither the Constitution of 1933 nor that of 1935 authorize the Legislature to pass any law under which the right of the people living in the territory or area which was·formerly contained in the defunct city of Houston Heights to now vote upon the question of whether the sale of intoxicating liquors shall be prohibited in that territory.

This being so, it certainly cannot be within the power of the Board of Liquor Control to· declare and enforce prohibition against the sale of intoxicating liquors in that area or; territory.

The amendment to the Constitution of this state adopted by the vote of the people on August 26, 1933 (see Acts 1933, p. 971), changed the former prohibition amendment adopted in 1919, by providing, in substance, that the manufacture or sale of intoxicating liquors in this state except "vinous or malt liquors of not more than three and two-tenths per cent. (3.2%) alcoholic content by weight," and providing further that the possession and sale of intoxicating liquors, except for purposes named in the provision,

was thereafter prohibited. This amendment further directed the Legislature to enact laws to enforce the amendment, and from time to time to prescribe regulations and limitations relative to the manufacture, sale, or possession of vinous or malt liquors of the alcoholic content prescribed by the amendment. In August, 1935, the Constitution of the state was again amended. Among other provisions of this amendment (article 16) are the following:

"Sec. 20(a) The open saloon shall be and is hereby prohibited. The Legislature shall have the power, and it shall be its duty to define the term 'open saloon' and enact laws against such.

"Subject to the foregoing, the Legislature shall have the power to regulate the manufacture, sale, possession and transportation of intoxicating liquors, including the power to establish a State Monopoly on the sale of distilled liquors.

"(b) The Legislature shall enact a law or laws whereby the qualified voters of any county, justice's precinct or incorporated town or city, may, by a majority vote of those voting, determine from time to time whether the sale of intoxicating liquors for beverage purposes shall be prohibited or legalized within the prescribed limits; and such laws shall contain provisions for voting on the sale of intoxicating liquors of various types and various alcoholic content.

"(c) In all counties, justice's precincts or incorporated towns or cities wherein the sale of intoxicating liquors had been prohibited by local option elections held under the laws of the State of Texas and in force at the time of the taking effect·of Section 20, Article XVI of the Constitution of Texas, it shall continue to be unlawful to manufacture, sell, barter or exchange in any such county, justice's precinct or incorporated town or city, any spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication or any other intoxicants whatsoever, for beverage purposes, unless and until a majority of the qualified voters in such county or political subdivision thereof voting in an election held for such purpose shall determine such to be lawful; provided that this subsection shall not prohibit the sale of alcoholic beverages containing not more than 3.2 per cent. alcohol by weight in cities, counties or political subdivisions thereof in which the qualified voters have voted to legalize such sale under the provisions of Chapter 116, Acts of the Regular

Session of the 43rd Legislature. ([Sec. 20, Art. 16] adopted election Aug. 24, 1935.)"

The Enabling Act passed by the Legislature in pursuance of the constitutional amendment adopted August 24, 1935, contains the following provision (section 32 [Vernon's Ann.P.C. art. 666—32]): "Section 32. The Commissioners Court of each county in the State upon its own motion may order an election to be held by the qualified voters in said county, to determine whether or not the sale of liquors shall be prohibited or legalized in such county, and such Court shall order a local option election whenever petitioned to do so by as many as ten (10) per cent. of the qualified voters of said county, or of any justice precinct, city or town."

■ It is manifest that the provisions of the Constitution adopted in 1933, which we have before set out in substance, cannot be invoked to preserve any prohibitive effect as to the sale of intoxicating liquors in the area or territory included in the former city of Houston Heights, for the obvious reason that that amendment expressly declares that its prohibition against the sale of intoxicating liquors is only applicable in all *counties* of the *state* and in *all political subdivisions* thereof in which the sale of intoxicating liquors had been prohibited by local option elections held under the laws of the state "and in force at the time of the taking effect of" the prohibition amendment to the Constitution in 1919, which was subsequent to the consolidation of the cities of Houston and Houston Heights in the manner and under the terms and conditions which we have before set out.

We cannot understand how it can be seriously contended that the provisions of the constitutional amendments before set out had the effect of keeping alive the prohibition of the possession and sale of intoxicating liquors in the territory which was contained in the city of Houston Heights prior to the consolidation of that city with the city of Houston.

■ It is hardly necessary to cite authorities on the proposition that a later constitutional amendment or law which deals with the subject in its entirety has the effect of repealing all former constitutional provisions or statutory laws dealing with the same subject. This has been the rule of construction uniformly approved and followed in our courts.

■ Another fundamental rule of construction which has been uniformly recognized and followed by our courts is that contained in the Latin maxim, "Expressio unius est exclusio alterius." Under this rule it must be held that the constitutional amendments before set out can only apply to prohibition in "counties, justice's precincts, and incorporated towns and cities in which prohibition was in force at the time of the adoption of the amendment," and such expressions in the amendment excludes the territory of the city of Houston Heights in which prohibition was not in force at the time the amendment was adopted.

■ We do not think the cases cited by appellee sustain his contention, which is, in substance, that because there has been no election held under the local option provision of our Constitution in the territory contained in the former city of Houston Heights repealing the prohibition of the sale of intoxicating liquors in that territory voted at an election held in 1912, such prohibition is still in force.

We think the conclusions above expressed are fully sustained by the cases of Ex parte Mills, 46 Tex.Cr.R. 224, 79 S.W. 555; Ex parte Heyman, 45 Tex.Cr.R. 532, 78 S.W. 349; Efird v. State, 46 Tex.Cr.R. 582, 80 S.W. 529; Ex parte Pollard, 51 Tex.Cr.R. 488, 490, 103 S.W. 878.

The rules of construction above stated are fully sustained by the following authorities: 2 Sutherland on Statutory Construction, pars. 572, 627, and 628; Foster v. City of Waco, 113 Tex. 352, 255 S.W. 1104; Citizens' Bank v. City of Terrell, 78 Tex. 450, 14 S.W. 1003; Blankenship v. City of Sherman, 33 Tex.Civ.App. 507, 76 S.W. 805.

Our statement before made as to the conclusiveness of the consolidation proceedings before set out upon the question of whether the territory contained in the former city of Houston Heights is now "wet" or "dry" territory is, we think, sustained by the following authorities: Smith v. City of Port Arthur (Tex.Civ.App.) 62 S.W.(2d) 385; People v. Harrison, 191 Ill. 257, 61 N.E. 99; Cohen v. City of Houston (Tex.Civ.App.) 205 S.W. 757; City of Houston v. City of Magnolia Park, 115 Tex. 101, 276 S.W. 685.

The judgment of the trial court is reversed and judgment here rendered dissolving the injunction issued by that court.

Reversed and rendered.