## Salvatore et ux. v. Carbondale Township et al.

*Jenkins & Ligi*, for plaintiffs.

*Alphonsus L. Casey*, for Carbondale Township.

EAGEN, J., June 22, 1949.—A building owned by plaintiffs in Carbondale Township, Lackawanna County, was destroyed by fire. This action was instituted to recover damages from the municipality. Liability is based upon alleged negligence set forth in the following allegations: (a) Failure to furnish an adequate water supply for fire protection; (b) failure to maintain the water mains and water hydrants in proper working order; (c) failure to furnish and maintain water hose in good condition; (d) failure to furnish and maintain adequate fire-fighting equipment.

The municipality has filed preliminary objections, which contend on the occasion complained of the township was engaged in a governmental function and,

therefore, free from any legal responsibility in damages.

The other defendant named has filed a motion asking for judgment upon the pleadings. This is not presently before us.

The sole question at the moment is whether or not the municipality in providing fire protection is engaged in a governmental function as distinguished from an act that is of a corporate or proprietary nature.

It is well established that a municipal corporation engaged in a private, corporate or proprietary function is answerable for its agents' negligence. However, if the municipality is acting as an arm or agent of the State, it is engaged in an act in the performance of the function of government and under such circumstances there is no liability in tort: Graff v. McKeesport, 316 Pa. 263. The reason behind the rule is one of public policy. It is considered necessary to protect public funds and to secure their use for the purposes intended and for which they were appropriated. This rule applies in regard to acts of quasi corporations (counties and townships) as well as those of municipal corporations proper, such as cities and boroughs: Kelley v. Cumberland County, 229 Pa. 289. The line between municipal operations that are proprietary and, therefore, a proper subject of suits in tort, and those that are governmental, and, therefore, immune from such suits, is not clearly defined. The underlying test is whether or not the act performed is for the common good of all, or whether it is for the special benefit or profit of the corporate entity: 38 Am. Jur. §573. It seems to be generally decided that a governmental duty is one which involves the exercise of governmental power and is assumed for the exclusive benefit of the public. In Devers v. City of Scranton, 308 Pa. 13, it was held that an act of a municipal corporation performed in the protection of health or property is one

of a governmental function. In that case, it was decided that no liability exists for injury caused by the negligent operation of a fire ladder truck by a city paid fireman.

All cases called to our attention seem to rule in favor of defendant's position.

In Brock Hall Dairy Co. v. City of New Haven, 122 Conn. 321, 189 Atl. 182, it was held that in operating and maintaining a fire department, the municipality is performing a "governmental function". To the same effect, see Steitz v. City of Beacon, 52 N. Y. S. (2d) 812; Smiddy v. City of Memphis et al., 140 Tenn. 97, 203 S. W. 512; Connolly v. City of Waco, 53 S. W. (2d) 313 (Tex.) and King v. City of San Angelo, 66 S. W. (2d) 418 (Tex.).

We, therefore, conclude that in providing fire protection a municipality is engaged in a public or governmental function to which no tort liability can attach unless expressly created by statute.

The preliminary objections to the complaint filed by defendant, Carbondale Township, are sustained and as to this particular defendant the action is dismissed, June 22, 1949.